SAM BROWN, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Where the deceased, being provoked by opprobious words addressed to him by the prisoner, advanced to the latter with a pound-weight in his hand, and while near enough to strike, and having the other hand upon the prisoner's person, was slain, the law of justifying an assault, or an assault and battery, by evidence of opprobrious words, is not involved in the case on the prisoner's trial for murder.

2. Where the prisoner admits to the court and jury in his voluntary statement, that he gave the fatal wound with a knife, and all the evidence is direct, and to the same effect, and there is no evidence tending to show that the killing was involuntary, the law of circumstantial evidence has no application; neither has the law of involuntary manslaughter any application.

Criminal Law. Witness. Evidence. Charge of Court. Before Judge TOMPKINS. Chatham Superior Court. May Term, 1876.

Brown was placed on trial for the murder of John James, alleged to have been committed on June 11th, 1876. He pleaded not guilty. The evidence made, in substance, the following case:

The difficulty occurred about six o'clock in the evening, at Paulsen's store, near the toll-gate, on the shell road leading into Savannah. Deceased came into this store, pur-

chased some cheese and crackers, and shared them with defendant, who followed him in. Deceased left his knife on the counter, when defendant laughingly picked it up, as if in sport. A discussion arose over a wrestling match, in which deceased had been engaged on that morning, when deceased offered to wrestle with defendant, and they accordingly commenced. The former tore the latter's shirt, which made him angry, and a clerk in the store pushed him out. Deceased remained quietly within, while defendant, on the outside, kept cursing him. Deceased went to the door with an iron pound-weight in his hand, and told defendant to " say that again." He then went out and caught defendant by the collar of his coat. Defendant put his hand by his left side, raised it, struck deceased on the neck, and the blood rushed out. The defendant dared deceased to come out, saying, " if you do, I will shoot hell out of you." Deceased died from the blow. Defendant cursed deceased a damned son of a bitch. When the latter caught the former by the collar, he had the weight in his other hand. Deceased and defendant had always been friends before this difficulty. When defendant called deceased a son of a bitch, the latter struck the former on his breast with his open hand. Whilst no witness saw a knife in defendant's hand, yet the wound on deceased's neck, which caused his death, was evidently inflicted with a knife.

Defendant's statement was, in substance, as follows : Had been drinking; went into Paulsen's shop and engaged in conversation with deceased. Deceased said defendant was not worth a damn, and commenced kicking, stamping, and knocking him around. Defendant went out of the store, and deceased followed him out with a two-pound weight in his hand. Thought he was going to kill him with the weight. Defendant was frightened when deceased drew back to slap him; was, therefore, quicker in defending himself. Were good friends. Defendant only took his knife in fun, intending to give it back to him. " I backed down when he came for me with the weight." How he came to

go into Paulsen's shop, was because he was passing by on his way to a "shouting."

When defendant was put on the stand to make his statement, the court refused to allow his counsel to examine him, and also declined to hear from such counsel what question he desired to ask him. To this defendant excepted.

The defendant was found guilty. A motion was made for a new trial upon the following, among other, grounds:

1st. Because the court erred in its ruling as to the right of counsel for defendant either to examine him when making his statement, or to suggest questions to the court.

2d. Because the court erred in charging the jury, §§ 4327, 4328, 4329 of the Code, concerning involuntary manslaughter.

3d. Because the court erred in charging, §4323, in reference to the confinement of the defendant in the penitentiary, in case the jury should find him guilty solely on circumstantial evidence, etc.

4th. Because the court erred in charging, §4694, concerning provocation by opprobrious words, or abusive language, etc.

5. Because the court erred in charging " that if the killing was not done with malice, then the defendant cannot be convicted of murder, and the jury should then look to the evidence to determine if he be guilty of any of the offenses before alluded to, (voluntary and involuntary manslaughter). If, under the evidence and the law as given in charge, you do not find the defendant guilty of either of these crimes, you should acquit him."

The motion was overruled, and the defendant excepted.

R. G. Erwin; T. J. Sheftall, for plaintiff in error.

A. B. Smith, solicitor general, for the state.

Bleckley, Judge.

1. In making his own statement to the court and jury,

the prisoner is not under examination, and his counsel has no right to ask him questions. Doubtless the court might, at the prisoner's request, permit questions to be put to him, as matter of discretion.

2. Where, at the time of the homicide, the person slain was making angry demonstrations against the slayer, having him by the coat-collar with one hand, and holding a pound-weight in the other hand, it is error, on the trial of the slayer for murder, to submit to the jury section 4694 of the Code, which relates to justifying an assault, or an assault and battery, by evidence of opprobious words. Though the prisoner provoked the attack by using opprobious words, there should not have been any use or exhibition of the pound-weight, in resistance to mere words, under the circumstances, and the principle of the above section does not fairly apply to the case.

3. Under the evidence in the record, the real question seems to be upon grading the homicide between murder and voluntary manslaughter. The law of involuntary homicide is not involved, nor is the law of circumstantial evidence. For this homicide to be justifiable, the jury must believe that the deceased manifestly intended or endeavored to kill the prisoner, and that the danger was so urgent and pressing at the time of the killing, that in order to save his own life, the killing was absolutely necessary. Or else they must believe that the circumstances were sufficient to excite in the prisoner the fears of a reasonable man that he would then and there be killed, and that he, believing it was necessary to kill the other to save his own life, really acted under the influence of those fears, and not in a spirit of revenge.

Judgment reversed.