10609.   TOWLER *v.* THE STATE.

BROYLES, P. J. 1. This court can not consider exceptions to the refusal of the trial judge to comply with a written request to charge, unless it is made to appear that it was tendered to the court before the jury

retired to consider the case. *Seaboard Air Line Ry.* v. *Barrow*, 18 *Ga. App.* 261 (4) (89 S. E. 383). In the instant case it is not shown that the written request to charge was so tendered.

2. The venue can be established by circumstantial as well as direct evidence. *Dumas* v. *State*, 62 *Ga.* 59 (4).

3. Evidence as to the venue, though slight, is sufficient where there is no conflicting evidence. *Johnson* v. *State*, 62 *Ga.* 300 (1), 301; *Porter* v. *State*, 76 *Ga.* 658 (2), 660. In the instant case, under the above rulings, the evidence as to the venue was sufficient.

4. The intent with which an act is done is peculiarly a question of fact for determination by the jury, and although a finding by the jury that the accused had the intent to commit the crime charged may be supported by evidence which is exceedingly weak and unsatisfactory, the verdict will not be set aside on that ground. *Johnson* v. *State*, 9 *Ga. App.* 409 (3) (71 S. E. 507). In the instant case the evidence as to whether the defendant had the intent to commit an assult with intent to rape, or had the intent to commit fornication merely, is weak and not altogether satisfactory, but under the ruling just cited, and especially when the tender years of the little girl involved are considered, the verdict, having been approved by the trial judge, will not be set aside.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*

DECIDED AUGUST 7, 1919.

Conviction of assult with intent to rape; from Gwinnett superior court—Judge Cobb. May 3, 1919.

*G. F. Kelley, W. L. Nix,* for plaintiff in error.

*W. O. Dean, solicitor-general, N. L. Hutchins,* contra.