22167.   STARNES *v.* THE STATE.

DECIDED APRIL 30, 1932.

*Reuben A. Garland, Frank A. Bowers, Charles F. Walker,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

LUKE, J.   Jesse Starnes was convicted of committing the offense of assault with intent to murder on July 9, 1931, by running an automobile into Nannie Henderson and Thomas Jefferies. The exception here is to the judgment overruling defendant's motion for a new trial.

There is abundant evidence that some one, while under the influence of an intoxicant, drove an automobile into said persons at a rate of speed exceeding forty-five miles per hour, and in violation of the traffic ordinance of the City of Atlanta, dragging the woman some distance and so injuring her leg that it had to be amputated, and fracturing the skull of the man, and that the driver proceeded on his way at a rapid rate of speed without stopping his car.   The collision was so sudden and unexpected that neither of the injured persons recognized either the driver of the automobile or the automobile itself.   The jury, however, were well warranted in concluding, from circumstantial evidence, that the defendant was the driver of the automobile.   There is no question that the assault was without mitigation or excuse, and the real contention of the defendant is that he was not the driver of the car.

Special grounds 1, 2, and 4 aver that the court erred in failing to charge the law of circumstantial evidence without request, for the reason that all the evidence tending to show that the defendant was the driver of the automobile was circumstantial.   The circumstantial evidence that the defendant was the driver of the car in question is very strong—strong enough, in our opinion, to satisfy the mind of anyone.   Aside from this, however, the witness Elmer Cheney, who saw the Chevrolet car dragging the body of Nannie Henderson, testified in regard to the driver of the car as follows: "I do not know who was driving the automobile.   It was a white fellow.   I did not see him any more after that.   I guess I would know him if I were to see him. · That looks like him right there, the second man in the chair (referring to the defendant).   That looks like him to me."   In these circumstances, we hold that the court did not err in overruling the special grounds under consideration.

Special ground 3 avers that the trial judge erred in failing to charge, without request, that part of section 5729 of the Civil Code of 1910 (Penal Code, § 1009), which defines direct, circumstantial, and presumptive evidence.   In so far as this ground

relates to circumstantial evidence, we have in effect already passed upon it adversely to the contention of the plaintiff in error; and, without request so to do, the court was not required to give the other definitions set out in the section referred to. *Phillips* v. *State,* 39 *Ga. App.* 812 (148 S. E. 631).

This court is not called upon to decide the other assignments of error (including the general grounds of the motion for a new trial), for the reason that none of them is insisted upon, or even mentioned, in counsel's brief.

*Judgment affirmed. Broyles, C. J., and Jenkins, P. J., concur.*