33274. HEUGHAN *v.* THE STATE.

Decided October 19, 1950.

642

*James G. Lamar, Gordon A. Smith,* for plaintiff in error.

*Paul Webb, Solicitor-General, C. O. Murphy, William Hall,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special ground 4 assigns error on the failure of the court to charge, as to the defendant's unsworn statement, that the jury might believe it in part and disbelieve it in part. Code § 38-415 provides that the statement "shall not be under oath, and shall have such force only as the jury may think right to give it. They may believe it in preference to the sworn testimony in the case." The court charged this issue in the language of the statute as above set out and there left the matter, which has frequently been held to be the better practice. *Cæsar* v. *State,* 127 *Ga.* 710 (4) (57 S. E. 66) ; *Glover* v. *State,* 137 *Ga.* 82 (4) (72 S. E. 926). Had a further charge been desired it should have been requested. *Vaughn* v. *State,* 88 *Ga.* 731 (4) (16 S. E. 64). This ground is without merit.

■ It is contended in ground 5 that the court erred in failing to charge the provisions of Code § 38-109 as to the sufficiency of circumstantial evidence to warrant a conviction, because "movant shows that the State relied upon circumstantial evidence for his conviction and his conviction depended wholly upon circumstantial evidence as to whether or not the alleged conversion was fraudulent and to establish the venue of the crime, if any, and to establish conversion." Ground 6 complains of error in failing to charge the provisions of Code § 38-102 as to the

difference between direct and circumstantial evidence, "since there was both direct and indirect evidence relied upon by the State." Under the admission of the defendant in ground 6 that there was direct evidence, ground 5 is without merit, for unless the conviction is wholly based upon circumstantial evidence it is not error to fail to charge the provisions of Code § 38-109 in the absence of request. *Starnes* v. *State*, 45 *Ga. App.* 238 (2) (164 S. E. 89). These grounds are without merit.

■ Error is assigned in ground 7 on a charge of the court to the effect that, should the jury find the alleged crime to have been committed, the venue of such crime might be proved by either direct evidence or by circumstantial evidence. This charge is substantially correct. *Towler* v. *State*, 24 *Ga. App.* 167 (2, 3) (100 S. E. 42). Although not couched in the most precise language, it does not appear that this charge was so misleading as to confuse the jury into believing that the mere commission of the crime or rather, the mere finding that a crime had been committed, would necessarily establish the venue in Fulton County. But this is, indeed, a circumstance which the jury may consider. As stated in *Price* v. *State*, 76 *Ga. App.* 283 (45 S. E. 2d, 462), citing as authority *Maynard* v. *State*, 47 *Ga. App.* 221 (3) (170 S. E. 265): "The venue in a case such as now before us may be laid in the county where the property was entrusted, although the physical conversion of it was in another county where the facts of the case authorized the jury to find that the intent to convert the money was formed in the county where the property was entrusted."

■ Grounds 8 and 9 of the amended motion complain of alleged errors in the charge relating to count 2 of the indictment. The defendant was acquitted upon this count, and in consequence any error relating to this count alone could not have been prejudicial to him. See *Riggins* v. *Pomona Products Co.*, ante, p. 636, headnote 2, and cases cited thereunder. Nor did the charge complained of, in stating that if the jury should convict on one count they must acquit on the other, thereby intimate that the jury was not free to acquit on both counts if they found the defendant not guilty. Elsewhere the court charged the jury on the contentions of the defendant that he was not guilty of either offense charged in the bill of indictment. He

charged fully on the subject of reasonable doubt and the duty of the jury to acquit the defendant on each of the counts if they entertained such a reasonable doubt as to his guilt.

■ In ground 11 the defendant contends that the court erred in charging that the jury would be authorized to convict if they found certain facts to exist, among them that the defendant wrongfully converted one Chevrolet coach automobile "of the value of $1600 or any proven value," on the ground that, should the jury find the value of the automobile to be less than $50, they would not be authorized to convict the defendant of a felony as charged, since the offense would be at most only a misdemeanor. It is nowhere contended, in the defendant's statement or elsewhere, that the automobile was worth $50 or less, the only evidence on this subject being that it was worth between $1650 and $1700. A finding that it was worth $50 or less would not have been supported by any evidence. The testimony as to market value is in the nature of opinion evidence (Code, § 38-1709), and jurors are not absolutely bound by the opinions expressed by witnesses (*McLendon* v. *City of LaGrange,* 47 *Ga. App.* 690 (3), 171 S. E. 307) ; and while jurors are authorized to exercise their own knowledge and ideas where there is any data in evidence upon which to base the same (*Dixon* v. *Cassels Co.,* 34 *Ga. App.* 478 (3), 130 S. E. 75), nevertheless, the evidence here demanded a finding that the automobile was worth more than $50; and the jury, from the opinion evidence rendered, together with the evidence that the automobile was a 1949 model Chevrolet coach in good condition at the time it was turned over to the defendant, would not have been authorized to find that its reasonable market value was $50 or less. The charge of the court, therefore, to the effect that the jury were authorized to convict the defendant if they found that he wrongfully converted "one Chevrolet coach automobile of the value of $1600 or any *proven value,*" was not error, as any *proven value* was more than $50, and therefore the evidence was such that the case could not have been reduced to a misdemeanor. This assignment of error is without merit.

■ The undisputed evidence in this case was to the effect that the defendant rented an automobile for a period of two days and signed a rental agreement which provided that the car would

not be removed beyond the limits of the State; that he did so remove the car and drove it for a period of approximately nine months over a large part of the United States; that he did not return the car or make any effort whatever to contact the owners thereof, and used it in such a manner as to make it impossible for the owners to locate either it or him, and that when apprehended he was in another State with the car still in his possession. The defendant did not deny these facts in his statement, but contented himself with the explanation that it had not been his intention to steal the automobile. Intent may be manifested by the circumstances connected with the perpetration of the offense. Code, § 26-202. The question of intent is peculiarly one for the jury to decide. *Towler* v. *State*, 24 *Ga. App.* 167 (3) (supra).

The gravamen of this offense, as set out in Code § 26-2809, is that the defendant did fraudulently convert the Chevrolet coach automobile after having been entrusted with the same by Hertz Driv-Ur-Self Inc., who was to receive a benefit therefrom. A bailment for hire is a bailment for the mutual benefit of both parties. Code, §§ 12-101, 12-201. The jury were authorized to find that the automobile was entrusted by Hertz Driv-Ur-Self Inc. to the defendant under a contract of bailment for hire, that this bailment was for the benefit of the owner as well as for the benefit of the defendant, and that, having been so entrusted with the property, the defendant fraudulently converted it to his own use. From all these circumstances the jury was amply authorized to find the defendant guilty under count 1.

The trial judge did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*