## 34578. Marshman *v.* The State.

Gardner, P. J. (*a*) The defendant was convicted on an indictment charging a lottery generally known as the "bug" or "numbers racket". She made an amended motion for a new trial, which was overruled. To this judgment she assigns error here.

(*b*) Concerning the general grounds, the evidence reveals that three police officers of the City of LaGrange went to the home of the defendant. The front and back doors were locked. The officers, after some effort, obtained admission to her home. They found the defendant there. They also found, in the kitchen, a tin can, which was warm and which contained freshly burned paper. The defendant was arrested and carried to jail, where the wife of the deputy sheriff searched her and found concealed on her person a large quantity of numbers used in carrying on the game. These numbers were introduced in evidence. The officers testified substantially that the numbers game was being operated in Troup County at the time the defendant was arrested, and that it had been so operated for a number of years. The officers further testified that the operators of this type of lottery had changed their methods somewhat, in that the offenders would lock their houses and have the numbers telephoned in to them rather than have the numbers delivered in person. The officers testified in detail as to the manner of operating the numbers game, and further testified that the numbers found in the possession of the defendant were used in the carrying on of the lottery. While the officers were present at the defendant's home, the defendant's telephone rang several times. When the defendant would answer the telephone she would say "Wrong number" and make no further response to those who were calling. One of the officers became somewhat suspicious and went to the telephone when it rang and answered it. The defendant was present when the officer answered the telephone. The officer changed his voice and after having been asked as to what in the * * * was the trouble, the officer answered that the * * * policemen had been there. The caller said that he thought something had happened. While he was at the telephone the officer received from the caller approximately two typewritten pages of numbers which, the officer testified, were numbers used in the lottery known as the "numbers game". The can which the officers took possession of, which contained the burned paper, and the numbers which were taken from the possession of the defendant, and the numbers and the information received from the caller over the telephone, were admitted into evidence over objection of counsel for the defendant. The exhibits were denominated (1), (2), and (3) respectively. Aside from the evidence of the trash can and the burned paper therein and the numbers which the officer received over the telephone, there is ample evidence to sustain the verdict on the general grounds. See in this connection: *Taylor* v. *State,* 67 *Ga. App.* 298 (20 S. E. 2d 146); *Johnson* v. *State,* 67 *Ga. App.* 275 (19 S. E. 2d 843); *Stovall* v. *State,* 68 *Ga. App.* 27 (21 S. E. 2d 914); *Johnson* v. *State,* 64 *Ga. App.* 334 (13 S. E. 2d 116). There are many others to the same effect.

(*c*) Special ground 1 assigns error because the court admitted, over objection of the defendant, the testimony of officer Cavander regarding the taking down of the numbers from the caller over the defendant's telephone, as above mentioned. The evidence revealed that the defendant was present when the officer was taking down the numbers from the caller over the defendant's telephone and in her home. The evidence was admissible under the principle of law stated in Code § 38-302. That section provides: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives they shall be admitted in evidence, not as hearsay, but as original evidence." This ground is without merit.

(*d*) Special ground 2 assigns error because the court failed, without a request, to define the crime of a misdemeanor. This ground is without merit. *Manders* v. *State, 69 Ga. App.* 875 (1) (27 S. E. 2d 105).

(*e*) Special ground 3 assigns error because the court failed to charge the law defining direct and circumstantial evidence, in view of the evidence introduced, as set out in Code § 38-109. This court held in *Starnes* v. *State, 45 Ga. App.* 238 (164 S. E. 89), that, in the absence of any request to do so, the court did not err in failing to define direct and circumstantial evidence. See also *Hobbs* v. *State, 206 Ga.* 94, 95 (55 S. E. 2d 610). The instant case, according to the evidence, does not depend wholly upon circumstantial evidence, as a reference to the record will reveal. This ground is not meritorious.

(*f*) Special ground 4 assigns error because a list of the numbers which the officer received over the defendant's telephone and which were taken down by the officer was admitted in evidence. We do not think this amounted to reversible error, since it was all one transaction in the presence of the defendant. Aside from these lottery numbers, the large number of similar numbers used for the same purpose was obtained from the person of the accused. There is no merit in this contention.

(*g*) Special ground 5 assigns error on the ground that the court admitted, over objection, the trash can which the officers procured in the defendant's home. We think that this was a circumstance which the jury might consider under all the facts and circumstances of the case.

The court did not err, for any of the reasons assigned, in overruling the defendant's motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED MAY 19, 1953.

*James E. Weldon,* for plaintiff in error.

*Wright. Lipford, Solicitor-General,* contra.