36430. LOCKLEAR *v.* THE STATE.

Decided November 28, 1956.

*Scoggin & Martin, Maddox & Maddox,* for plaintiff in error.

*Chastine Parker, Solicitor-General, Horace T. Clary, Solicitor-General pro tem.,* contra.

GARDNER, P. J. We have considered the grounds of the certiorari and find none of them meritorious except those specially covered hereinafter.

In paragraph 9-j error is assigned in that the court charged the jury as follows: "9-j. I charge you, gentlemen of the jury, that it is a violation of the law of the State of Georgia for any person to have in his possession, custody or control any amount of non-tax-paid whisky. I charge you that if you find at any time within two years prior to the filing of this accusation, this defendant did have in his possession, custody and control, or custody or control, any amount of non-tax-paid liquor; that is liquor upon which revenue has not been paid and stamps not

contained thereon; if you find that to be true, gentlemen, you would be authorized to convict." Complaint is made in regard to this excerpt that the court charged the jury that if the defendant "had in his possession and control, or custody and control any amount of spirituous non-tax-paid liquor, that is, liquor upon which revenue has not been paid and stamps not contained thereon, if you find that to be true, you would be authorized to convict." We think this was error, since this accusation, being a special one, read partly as follows, "have in his or her possession, custody and control spirituous, alcoholic, intoxicating liquors, and distilled spirits to wit: 'whisky'," excluding all intoxicating liquors except whisky and that any reference to any other intoxicating liquor except whisky was erroneous. This is true because under such charge the jury would be justified in finding the defendant guilty if he possessed any non-tax-paid liquors, and the jury being authorized to find, under this record, that the liquor in question was brandy.

We now mention paragraph 9-i specially, the assignment of error on an excerpt from the charge being meritorious, but under the facts of this case it is harmless error. That excerpt from the charge reads: "Reasonable doubt is just such a doubt as the name implies, such a doubt as reasonable men can give a reason for having. It is not a vague, fanciful, and conjectural doubt. It is one that arises out of the evidence or for the want of evidence or from the defendant's statement. In this case, he has not made a statement. It may arise from the evidence or for the want of evidence." Under the following authorities and the record in this case, this excerpt from the charge of the court is harmless error. These authorities are: *Carter* v. *State,* 7 *Ga. App.* 42 (65 S. E. 1090); *Tucker* v. *State,* 29 *Ga. App.* 221 (114 S. E. 583); *Brooks* v. *State,* 63 *Ga. App.* 575 (11 S. E. 2d 688); *Cooley* v. *State,* 152 *Ga.* 469 (110 S. E. 449).

The court erred in denying the writ of certiorari.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*