## 38069. BOBO *v.* THE STATE.

CARLISLE, Judge. 1. Lester Bobo was charged in the City Court of Floyd County in a special accusation with the possession of non-tax-paid whisky on August 14, 1959. The officers testified that they observed the house wherein the defendant resided for some time and that the defendant, whom one of the officers positively identified, came out of his house and out the back gate onto an old railroad bed, or right-of-way, and stooped down, "scratched around" and opened a trap buried in the ground which was located nine feet from the defendant's back gate and off the property rented by him, that he took therefrom a ½-gallon jar containing whisky; that when the officers approached, the defendant ran back into his house and that the officers found 57 gallons of non-tax-paid whisky, all in half-gallon fruit jars, buried in the trap. The evidence thus adduced was sufficient to directly connect the defendant with the whisky, to authorize the finding of "guilty," and the finding of the jury that the defendant was guilty as charged was not wholly dependent on circumstantial evidence.

2. Special ground 1 complains because the trial court failed to charge without request on the law of circumstantial evidence as embodied in Code § 38-109. The conviction in this case did not depend wholly on circumstantial evidence, and failure of the court to charge in this regard was not, therefore, error. *Acker* v. *State*, 78 *Ga. App.* 819, 820 (e) (52 S. E. 2d 559) ; *King* v. *State*, 86 *Ga. App.* 786 (1) (72 S. E. 2d 502).

3. Special grounds 2, 3, and 4 complain because the trial court charged in substance the provisions of § 11c of the Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors (Ga. L. 1937-38, Ex. Sess., pp. 103, 117; Code, Ann., § 58-1056) and the provisions of that portion of the first paragraph of § 11 respecting the duty of the Revenue Commissioner to prescribe suitable stamps and the duty of manufacturers and wholesalers to affix the stamps to the containers of whisky, which provisions are embodied in Code (Ann.) §§ 58-1050 and 58-1051. The argument and contention with regard to these portions of the charge is that they were confusing and misleading to the jury because they inferred that the Revenue Commissioner had made a provision for such stamps when there was no evidence in the record that any such provision had been made, and that the latter portion ex-

cepted to was erroneous because it did not appear from the evidence that the defendant was a manufacturer, distiller or wholesaler. The contention made in these grounds that the Revenue Commissioner has a discretion, or an alternative method of collecting the tax than by stamps is not justified by the wording of the act. This contention is based on the phrase, "or in a manner as may be prescribed by the Revenue Commissioner," but this wording refers to whether the stamps required shall be lithographed or by some other method imprinted on the paper.

(a) "There is a legal presumption until the contrary appears that a public officer has regularly and properly performed his official duty. *Fine* v. *Dade County,* 198 *Ga.* 655, 663 (32 S. E. 2d 246)." *Southern Airways Co.* v. *Williams,* 213 *Ga.* 38 (3) (96 S. E. 2d 889). The requirements of § 11 of the Revenue Tax Act to Legalize and Control Alcholic Beverages and Liquors that the Revenue Commissioner provide suitable stamps for denoting the payment of taxes and the requirements that the stamps be affixed by the manufacturer, distiller or wholesaler are mandatory, and in the prosecution of one charged with possessing non-tax-paid whisky, the evidence that the defendant was in possession of a quantity of whisky in containers on which no stamps had been affixed is sufficient to show, when viewed in the light of the aforesaid presumption, that the whisky thus possessed by the defendant was non-tax-paid whisky as charged in the accusation.

(b) The portions of the charge complained of in special grounds 2, 3, and 4 were not erroneous for any of the reasons assigned, since they simply instructed the jury as to this duty of the Revenue Commissioner to prescribe the stamps and the duty of the manufacturer, distiller or wholesaler to affix them, and these portions of the charge were not subject to the criticism that they raised an inference that the defendant was within one of these categories. The court fully charged that the burden was on the State to show that the defendant was in actual possession of non-tax-paid whisky.

4. The fifth special ground of the motion for a new trial complains of the following portion of the charge: "I charge you further that the owner or tenant in possession of a house or residence is presumed to be the owner or possessor of all personal property, including *liquor* found on the premises or

within the limits of the property so controlled. This presumption is rebuttable, and does not extend to liquor found on adjoining property. If you find from the evidence that *certain liquor* was found near defendant's house, but not on his property, you will look to all the facts and circumstances in the case and determine whether the State has proved to your satisfaction beyond a reasonable doubt that *the liquor* was in fact in possession of the defendant." (Emphasis by movant). It is contended that this charge was confusing and misleading to the jury and was erroneous in that, the accusation charging the defendant with the possession of whisky which excluded all intoxicating liquors except whisky, the references to other intoxicating liquors in the charge were, therefore, erroneous. The use of the term "liquor" in this context was not erroneous. "Liquor" is a general term embracing all such distilled spirits stronger than malt beverages and fermented wines. *Peurifoy* v. *State*, 53 *Ga. App.* 515, 516 (186 S. E. 461). "Whisky" is but one kind of "liquor" as thus defined. In this case the court had already charged the jury that the defendant was charged with the possession of non-tax-paid "whisky" and immediately following the portion of the charge complained of the court instructed the jury that, if they believed beyond a reasonable doubt that the defendant committed the offense as charged in the accusation in the way and manner therein alleged, they ought to convict him, and that if they had a reasonable doubt as to his guilt, it would be their duty to give him the benefit of that doubt and acquit him. The use of the term "liquor" in this portion of the charge when read in its context was not reversible error. This case is not like the case of *Locklear* v. *State*, 94 *Ga. App.* 696 (96 S. E. 2d 283) where the court charged the jury that they could convict the defendant if they found that he had in his possession, custody and control any amount of spirituous, non-tax-paid liquor. The rule enunciated in that case will not be extended beyond the specific facts of that case. The jury in this case could not reasonably have misunderstood that the defendant was charged with possessing anything other than "whisky."

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 19, 1960.

*Fullbright & Duffey, Harl C. Duffey, Jr.,* for plaintiff in error.
*Chastine Parker, Solicitor,* contra.