## 38160. BOBO v. THE STATE.

TOWNSEND, Judge. 1. Evidence that when peace officers entered the defendant's home they found five and a half cases of fruit jars; that the jars in the kitchen were turned upside down and had a strong odor of whisky but that the jars in the bathroom were right side up and contained moonshine, some of which was taken from the scene and offered as an exhibit on the trial, was sufficient to sustain a verdict of possessing non-tax-paid whisky. There was other corroborative evidence to the effect that immediately before the officers entered, a boy had left the house with a bottle of moonshine whisky, and that it took about 15 minutes for the officers to force their way in; that, when they finally entered, the defendant was found with a case of empty jars in his hands and his wife was in the kitchen with the faucet in the sink open rinsing out other jars.

2. The defendant was charged under a special accusation with the offense of possessing "spirituous, alcoholic, intoxicating liquors, and distilled spirits, to wit: whisky." The court read this accusation to the jury, and charged that if the jury believed the defendant committed the offense charged in the accusation they should convict him, but if they had a reasonable doubt as to his guilt they should acquit. Error is assigned because he also charged: "This defendant is accused and charged with the offense of possessing non-tax-paid liquor, which is made an offense by Section 58-1056 of the Code of Georgia, and which I quote" followed by the language of the Code section, on the ground that the charge was error in that it authorized a conviction if the jury found the defendant to possess any of the liquors mentioned in Code (Ann.) § 58-1056, whereas he was only accused of possessing whisky. Where evidence of possession of liquors other than that charged in the indictment or accusation is before the jury, such a charge is error. Locklear v. State, 94 Ga. App. 696, 697 (96 S. E. 2d 283). Where, however, all of the evidence relates only to possession of that type of liquor which is charged in the accusation, the error is harmless. Peurifoy v. State, 53 Ga. App. 515 (1) (186 S. E. 461). This special ground shows no reversible error.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 11, 1960.

*Robert L. Scoggin, Jerry L. Minge,* for plaintiff in error.
*Chastine Parker, Solicitor-General,* contra.