39364. BLAIR v. THE STATE.

Decided April 27, 1962.

*Robert Carpenter, A. Tate Conyers,* for plaintiff in error.

*Richard Bell, Solicitor-General, Dennis F. Jones, Assistant Solicitor-General,* contra.

FRANKUM, Judge. *Code* § 26-2811, under which the defendant was indicted, provides: "Any person who has been entrusted by another with any cotton or other produce, or any goods, animal, or other article of value, for the purpose of selling the same and paying the proceeds of such sale to the owner or other person so entrusting or delivering the article, who shall fraudulently convert the same, or any part thereof, or the proceeds of any part thereof, to his own use, or shall otherwise dispose of the same to the injury and without the consent of the owner or other person so entrusting or delivering it, and without paying to such owner or person the full value or market price thereof, shall be punished by imprisonment and labor in the penitentiary for not less than one year nor more than five years."

The weight and credit to be given the testimony of the witnesses and the defendant's statement were matters exclusively for the jury. The fact that the witness, Virginia Ann Atkins, was closely associated with the defendant and that she intended to marry the defendant, and that she knew little or nothing about the purchase and subsequent sale of the 1960 Ford automobile, were facts and circumstances for the consideration of the jury. The rule is well stated in *Haverty Furniture Co. v. Calhoun,* 15 Ga. App. 620, 621 (84 SE 138): "It has never been held, and never can be held, that it is not within the power of a jury, after considering testimony of a particular witness, to disbelieve it, either from his appearance or his demeanor or manner upon the stand, or from the inherent nature of the facts testified to by him, although it be uncontradicted."

The jury was authorized to conclude from the evidence and the defendant's statement that the automobile entrusted to the defendant was delivered to him in DeKalb County for the purpose of selling and delivering same to Virginia Ann Atkins, and that the defendant formed the intent in DeKalb County to convert it to his own use. The defendant's contention that

venue was not proved is without merit. See *Heughan v. State,* 82 Ga. App. 640 (3) (61 SE2d 685); *McCranie v. State,* 51 Ga. App. 192 (179 SE 826). The jury was also authorized to conclude that the sales transaction by the defendant to Virginia Ann Atkins was the result of a pretext, scheme, and device whereby the defendant obtained possession of the automobile described in the indictment for his own use and benefit, and that upon receiving possession of the automobile, he did fraudulently convert it to his own use to the injury and without the consent of the owner and without paying to the owner the full market price thereof.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*