40624. MAVRIKIS v. THE STATE.

DECIDED MAY 12, 1964—REHEARING DENIED JUNE 30, 1964.

*William Hall*, for plaintiff in error.

*William T. Boyd, Solicitor General, William E. Spence, J. Walter LeCraw*, contra.

RUSSELL, Judge. █ It is first contended by the plaintiff in error that venue is in Bryan County for the reason that that is the place where the actual conversion of the money occurred; i.e., where it first passed out of the possession of the defendant. The elements necessary to be proved in a prosecution for larceny after trust are the bailment or entrustment, the purpose of the trust, and the fraudulent conversion. *Bowen v. State*, 16 Ga. App. 179 (1) (84 SE 793); *Waters v. State*, 82 Ga. App. 157, 158 (60 SE2d 798). However, where the other elements of larceny after trust are properly shown by the evidence and it appears

that the defendant formed the intention of appropriating the money or other articles of value involved in the county of venue, the fact that the money or articles were afterward taken to some other county to be sold or otherwise disposed of does not negative the inference, but the jury may be authorized to find that the conversion took place in the first county where possession was obtained with the intention of appropriating the articles.

"Where the defendant receives property in a county of this State and thereafter fraudulently converts the same to his own use, the jury may be authorized by the evidence to conclude that the intent to convert the same was formed in the county where the property was entrusted to him, and venue under such evidence may properly be laid in that county." *Heughan v. State,* 82 Ga. App. 640 (3) (61 SE2d 685). From the evidence in this case the jury properly concluded that the conspiracy was formed, the overt act committed, and possession of the money obtained in Fulton County in pursuance of the original criminal enterprise. There was no entrustment in Bryan County and no crime committed in that county except the crime of simple larceny. If, therefore, the other elements of larceny after trust are shown by the evidence, the only county where venue could be laid is Fulton.

■ It is also contended that there was no entrustment in Fulton County. The evidence on this issue is that when Ash met with Halcome and Smith for the purpose of picking up Mavrikis at a bus station in Atlanta and then going on to Bryan County he had with him $9,200 in small bills strapped to his person. Halcome and Smith asked him where the money was and he told them. They then informed him that they had put their money in a bag in the trunk of the car and that he should do likewise. Ash first said he was not going to remove the money from his person. Halcome who was the driver and owner of the automobile then said, according to Ash's testimony, "that he wasn't going down the road with $10,000 on somebody and maybe somebody would hold us up and thinking we had robbed a bank or held somebody up, if we couldn't put the money in the trunk of the car he wasn't going." Smith then said that "we had went to a lot of trouble on this thing, we ought to go ahead and do it. Said they had their money in the back of the trunk and wasn't

no use of me doing that way, go ahead and put it back there." Ash handed the money to Halcome after this persuasion and Halcome placed it in a little bag in the trunk of the car and gave the key to the trunk to Ash, who kept possession of it at all times thereafter. On cross examination Ash was asked, Q. "The reason you retained the key is because you didn't trust Mavrikis? A. No sir, it wasn't that, it was on a hold up, I mean that was between me and Smitty and Charles. Q. You didn't trust Mavrikis with any money? A. Well, at that time I hadn't been knowing him but several weeks but Smitty said he was a longtime friend of his. . . . Q. State whether or not you saw your money after you put it in the car here in Fulton County. A. The last time I saw the money I gave it to Charles out at 344 Whitehall Street. He put it in the trunk in back and zipped it up. That is the last time I saw it." There was other substantial testimony sufficient to establish that Halcome and Smith were not bona fide investors and dupes of Mavrikis but were in conspiracy with him to dupe Ash, including the fact that the three men later made an attempt to shoot the witness in an apparent effort to intimidate him.

Code § 26-2809 under which the defendant was indicted makes penal the act of fraudulently converting to a defendant's own use any money or other thing of value *with which he has been entrusted by another.* "The case of larceny after a trust arises when there is an agency on the part of the person entrusted with the property of another by virtue of which the person so entrusted is to do something with the property for his principal's benefit, or where there is a bailment of some description." *Mobley v. State,* 114 Ga. 544, 545 (40 SE 728); *Dennison v. State,* 91 Ga. App. 143 (85 SE2d 179). "The offense of larceny after trust comprehends a relationship of trust which must be proved as laid." *Gammage v. State,* 92 Ga. App. 235 (88 SE2d 174). "Embezzlement differs from larceny in that in embezzlement the accused comes into possession lawfully, whereas in larceny the property comes into the hands of the thief secretly and unlawfully. In the former there is an entrustment and in the latter there is not." *Simmons v. State,* 79 Ga. App. 390 (1) (53 SE2d 772).

Since the jury had to find that the three indictees were in fact accomplices, the act of one was the act of all, and it did not matter that this defendant was not present when Ash took the money from his person and entrusted it to Halcome who put it in the trunk of his car. The fact that Halcome gave Ash a key to the trunk, which Ash erroneously thought was the only key does not keep this act from being an entrustment of the money by Ash to Halcome for the purpose of doing something for the owner's benefit; i.e., taking the money to Bryan County in his zipper bag in the trunk of his car in safe keeping for Ash. Ash's testimony, considered as a whole, shows that while he did not trust Mavrikis personally, he would trust Smith and Halcome to this extent and in particular he trusted Halcome sufficiently to give him the money for this purpose. The evidence was accordingly sufficient to show both that there was an entrustment in Fulton County and that the intention to fraudulently convert the packet of money was formed in Fulton County and every act in pursuance of the general scheme was effected in Fulton County except the actual seizure against the rights and ownership of Ash, which took place in Bryan County. Under *Heughan v. State,* 82 Ga. App. 640, supra, this will not prevent venue from being laid in Fulton County.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*