## 41519. ANTHONY v. THE STATE.

PANNELL, Judge. 1. Section 2 of the Act approved February 19, 1951, repealing Code § 59-705 and substituting in lieu thereof a new section to be numbered § 59-705, in part, provides, "In all criminal cases both the State and the defendant shall have the right to an individual examination of each juror from which the jury is to be selected prior to interposing a challenge." The denial by the trial judge of the right given by this statute is reversible error. *Blount v. State*, 214 Ga. 433 (105 SE2d 304); *Ferguson v. State*, 218 Ga. 173 (126 SE2d 798). However, where the accused is not denied the right by the trial judge, but only fails to exercise the right given and makes no objection when the individual jurors are put upon him for challenge, he cannot thereafter complain.

2. The decision of the Supreme Court of the United States, in Ferguson v. Georgia, 365 U. S. 570, 576 (81 SC 756, 5 LE2d 783), holding that, "in effectuating the provisions of § 38-415, Georgia, consistently with the Fourteenth Amendment, could not, in the context of § 38-416, deny appellant the right to have his counsel question him to elicit his statement," no longer has application in view of the changes made in *Code* § 38-415 permitting the defendant to be sworn and to testify in his own behalf, and the change made in *Code* § 38-416 eliminating the incompetency of a defendant to be a witness in his own behalf. *Williams v. State*, 220 Ga. 766 (141 SE2d 436). And in view of these changes, the ruling of the Supreme Court of this State "following a long line of decisions beginning with *Brown v. State*, 58 Ga. 212 (1), in *Corbin v. State*, 212 Ga. 231 (7) (91 SE2d 764) that: 'The right to make a statement in his behalf is a personal right granted to the defendant by *Code* § 38-415, and extends no further than to permit him personally to make to the court and jury just such statement as he deems proper in his defense. His counsel had no right to ask him questions while he is making his statement. The trial judge, however, in his discretion, can permit his counsel to ask him questions or make suggestions to him relating to his statement, while he is making it or when he has concluded it,' is controlling in the application of amended *Code* § 38-415." *Williams v. State*, 220 Ga. 766, 769, supra. The ground of the motion for new trial complaining of the refusal of the trial judge to permit defendant's

counsel to question him and refresh his recollection, is therefore without merit.

3. There being both direct and circumstantial evidence as to the defendant's guilt, it was not error to fail to charge, without request, "the law as pertained to circumstantial evidence" (*Ledford v. State*, 215 Ga. 799, 806 (10) (113 SE2d 628); *Bobo v. State*, 101 Ga. App. 48 (2) (112 SE2d 679); *Bailey v. State*, 101 Ga. App. 2 (113 SE2d 172)), even if we should concede that such an assignment of error presents any question for decision.

4. A charge to the jury that "it is for the jury to determine whether the flight of the defendant, if such has been proven, was due to a sense of guilt or to another reason," is not an intimation or expression of opinion by the court that flight has been proven, in violation of *Code* § 81-1104. Whether such a charge intimates or expresses an opinion that there is evidence of flight in the case is not a question presented for decision; and, if such question had been presented, it appears that there is evidence of flight in the case.

5. It was not error for the trial judge in instructing the jury to fail to define "reasonable doubt" in the absence of a request therefor. *Hammond v. State*, 212 ·Ga. 186 (8) (91 SE2d 615); *Betsill v. State*, 98 Ga. App. 695 (6) (106 SE2d 323); *Lingo v. State*, 96 Ga. App. 379 (1) (100 SE2d 116).

6. Where the State relies on direct and circumstantial evidence, the failure of the court to define "direct evidence" and "circumstantial evidence", in the absence of a request, is not error. *Stanford v. State*, 153 Ga. 219, 231 (5) (112 SE 130); *Marshman v. State*, 88 Ga. App. 250 (e) (76 SE2d 443).

7. Ground 11 of the motion for new trial shows no cause for reversal as the basic fact pertinent to the alleged error was not approved as true by the trial judge; and ground 10, in view of the additional facts appended thereto by the notes of the trial judge, shows no cause for reversal.

8. There being no request to charge, and the judge having instructed the jury that the indictment, together with the defendant's plea of not guilty formed the issue to be tried by the jury, there was no reversible error in failing to specifically instruct the jury that the indictment was not evidence. *Corbin v. State*, 212 Ga. 231, 233 (3), supra; *Kemp v. State*, 61 Ga. App. 337, 340 (8) (6 SE2d 196); *Martin v. State*, 93 Ga. App. 580, 581 (3) (92 SE2d 233).

9. The evidence was sufficient to authorize the verdict of guilty of shooting at another, and there being no merit in any of the special grounds of the motion for new trial, the judgment of the trial court in overruling the motion for new trial is

*Affirmed. Nichols, P. J., and Eberhardt, J., concur.*

ARGUED SEPTEMBER 9, 1965—DECIDED SEPTEMBER 20, 1965—REHEARING DENIED OCTOBER 11, 1965.

*Guy Dunn, Oze R. Horton,* for plaintiff in error.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Jess H. Watson, William Hall, Jr., Carter Goode,* contra.