## ARNOLD H. VAN *v.* STATE OF MARYLAND

[No. 72, Initial Term, 1967.]

*Decided May 29, 1967.*

*The cause was argued before* ANDERSON, MORTON, ORTH, *and* THOMPSON, JJ., *and* PROCTOR, J., *Associate Judge of the Third Judicial Circuit, specially assigned.*

*Joseph G. Koutz, with whom was Maurice T. Siegel on the brief, for appellant.*

*Jon F. Oster, Assistant Attorney General, with whom were Francis B. Burch, Attorney General, and Marvin H. Anderson, State's Attorney for Anne Arundel County, on the brief, for appellee.*

THOMPSON, J., delivered the opinion of the Court.

Arnold H. Van, the appellant, complains of a conviction of larceny after trust under a three count indictment, charging larceny, larceny after trust and embezzlement. He was acquitted of larceny and embezzlement in a trial before the court.

In November of 1964 Van was employed as Assistant Manager of the Glen Burnie Chevrolet and Cadillac Company. A Mr. and Mrs. Carson became interested in the purchase of a 1962 Chevrolet on the company's used car lot. At the time the

Carsons owned a 1958 Oldsmobile on which they owed $350.00 to the City National Bank of Fort Smith, Arkansas. The Carsons first dealt with a salesman named Abbato who let them take the 1962 Chevrolet with temporary tags for the purpose of trying it out. At the time Mr. Carson told Abbato about the balance due on his Oldsmobile and that this amount would have to be paid before he could purchase the Chevrolet. The Carsons drove the 1962 Chevrolet for approximately two weeks, at the end of which time Mr. Carson telephoned Abbato and told him that $350.00 was all that he could raise, and that if that amount was not enough to pay off the balance due on the Oldsmobile "and make a deal with the payments we will just have to come back and get my car and call the whole thing off." After several telephone calls to the office Van informed Mr. Carson that he would try to work out the trade.

Mrs. Carson first met Van on November 15, 1964. On that date Mr. Carson telephoned the Company and told someone present that he was sending Mrs. Carson there with the check in the amount of $350.00. Mrs. Carson gave Van the check which she had filled out as to the amount and signed but which she left blank as to the payee. Van, the appellant, told her that the company name would be stamped on the check. Mrs. Carson understood that the check would be used to pay off the balance due on the Oldsmobile which in turn would be used as a down payment on the Chevrolet. Van instead filled in "cash" and used the funds for his own purposes. He did not make restitution.

Van's specific complaint is that he was guilty of embezzlement, and therefore could not be convicted of larceny after trust. He relies on *Nolan v. State,* 213 Md. 298, 131 A. 2d 851 noted in 18 Maryland Law Review 237, wherein the Court reversed an embezzlement conviction because the facts showed that the accused was guilty of larceny and therefore could not be also guilty of embezzlement. The court's opinion was based upon the British Courts' interpretations of the English embezzlement statute which is almost identical with the Maryland statute. It does not follow that an accused cannot be guilty of embezzlement and larceny after trust.

The fourth headnote in the Maryland Reports reporting of *Nolan v. State,* supra, indicates that the court discussed larceny after trust as being a crime at common law. The opinion, however, did not discuss the subject and the statement that larceny after trust was a crime at common law is erroneous, Blackstone: *Commentaries on The Law.* The crime of larceny after trust was not only unknown to common law, but under that name, at least, has been enacted in very few states of this country, 29A C.J.S. *Embezzlement,* Sec. 4. It was added to the law of Maryland by Laws of Maryland 1945 Chapter 831 in the following language:

> "Any person who shall be entrusted with the possession of goods or things of value for the purpose of applying the same for the use and benefit of the owner or person who delivered the goods and things who shall fraudulently convert the same to his own use * * *."

> "Provided that nothing contained in this section shall be construed to alter or repeal any section contained in this Article."

The statute was apparently modeled after one from the State of Georgia. Georgia Code Section 26-2809 (originally passed in 1866) contains the following language:

> "*Any person who has been entrusted* by another with any money, note, bill of exchange, bond, check, draft, order for the payment of money, cotton or other produce, or any other article or *thing of value for the purpose of applying the same for the use or benefit of the owner or person delivering it, who shall fraudulently convert the same to his own use* * * *."
>
> (Italics added)

Although the Maryland statute has not been construed by the Court of Appeals of Maryland there are many cases in the State of Georgia construing its statute.[1] We must, there-

---

1. It should be noted that in *Bowen v. State,* 206 Md. 368, 111 A. 2d 844 the Court of Appeals of Maryland did consider the question of jurisdiction under the larceny after trust statute, but that opinion gives no assistance on the question involved in this case.

fore, look to the Georgia decisions for guidance as to the construction of our own statute, *Nolan v. State, supra*.

We have found no Georgia case in which the argument was made that an accused could not be convicted of larceny after trust by reason of the fact that the crime would also be embezzlement under the Georgia law; however, the Georgia courts have upheld convictions in situations that would have otherwise come within its and our embezzlement statute.

In *Mobley v. State*, 114 Ga. 544, 40 S. E. 728 (1902) the Supreme Court of Georgia held an accused not guilty of larceny, of which he had been convicted, but guilty of larceny after trust where an employer gave his servant possession of five dollars to make a small purchase and return the change.[2]

In *Bailey v. State*, 84 Ga. App. 839, 67 S. E. 2d 830 (1957) the Georgia Intermediate Appellate Court sustained a larceny after trust conviction of a corporation president converting to his own use corporate funds he had collected from third persons.

In *Blair v. State*, 105 Ga. App. 835, 125 S. E. 2d 668 (1962) the conviction of an automobile salesman for larceny after trust was upheld where the accused sold a car entrusted to him by his employer to deliver to a customer.

Thus it appears that though the accused may be guilty of embezzlement, that of itself is no reason why he cannot, in the alternative, be guilty of larceny after trust. This conclusion is supported by the language of the last paragraph of Chapter 831 of The Laws of Maryland 1945, *supra*, which shows that the converse is true.

The question arises did Mrs. Carson entrust Van with her money or his employer? She obviously intended that the employer would pay off the lien because it was the understanding that the employer's name would be stamped on the check.

2. We are not unaware that *Finkelstein v. State*, 105 Ga. 617, 31 S. E. 589 which was distinguished in *Mobley v. State, supra,* would seem to be contra our position; however, in *Walker v. State, infra* and in other later cases *Finkelstein* has been severely restricted, if not overruled. In any event it can be distinguished from the instant case on the basis that there the entrustment was only for the purpose of making change in the presence of the victim.

She did, however, entrust the check to Van for the purpose of inserting the employer's name for her benefit. Is this such an entrustment as was contemplated by the larceny after trust statute? We hold that it is because (1) it comes within the literal language of the statute and (2) because Georgia cases indicate that the entrustment can be for very simple and single purposes.

In *Mavrikis v. State,* 110 Ga. App. 26, 137 S. E. 2d 730 (1964) the money was entrusted only to the extent of placing it in the trunk of the car to which the thief had a second key; In *Martin v. State,* 123 Ga. 478, 51 S. E. 334 (1905) the entrustment was to pay a twenty-three dollar fine at the recorder's office; In *Walker v. State,* 117 Ga. 260, 43 S. E. 701 (1903), the entrustment was for the purpose of using twenty-five dollars to pay railroad fares for three designated persons from Birmingham to Atlanta.

Van also claims error because hearsay testimony was admitted concerning conversations between Carson and Abbato about the terms of purchase of the 1962 Chevrolet. These statements were, of course, a part of the transaction and admissible as *res gestae.* In *Wilson v. State,* 181 Md. 1, 3-4, 26 A. 2d 770, 772 the Court of Appeals said:

> "The test as to whether a declaration or act offered in evidence is part of the *res gestae* is whether it was contemporaneous with the commission of the crime and so connected with it as to illustrate its character. Whether such a declaration or act is an immediate accompaniment is tested, not by the closeness in time, but by casual [causal] connection. A definite limit of time cannot be arbitrarily fixed for the reason that so long as the main transaction continues, declarations and acts emanating from it become a part of it."

The testimony was necessary here to show the nature of the transaction.

*Judgment affirmed.*