## FRED JAMES MADERO *v.* STATE OF MARYLAND

[No. 214, September Term, 1975.]

*Decided May 11, 1976.*

The cause was argued before MENCHINE, LOWE and MELVIN, JJ.

*Howard Cardin, Assigned Public Defender*, for appellant.

*David B. Allen, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *Michael B. Sauer, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MELVIN, J., delivered the opinion of the Court. MENCHINE, J., concurs and filed a concurring opinion at page 507 *infra.*

Fred James Madero was tried by a jury in the Circuit Court for Baltimore County (Proctor, J. presiding) for the crimes of embezzlement, larceny after trust, receiving stolen goods and grand larceny. At the close of the evidence the trial judge granted appellant's motion for acquittals on the embezzlement, and larceny after trust charges. The grand larceny and receiving charges were submitted to the jury and it returned a verdict of guilty of grand larceny. On appeal, appellant contends that the State failed to prove that appellant had committed common law larceny.

At the time of the incident from which these charges stemmed, appellant was employed by Columbia Vending Service Co. Although appellant's duties of employment were never fully developed at trial, it was established that he serviced vending machines on a designated route for the company. Apparently servicing machines entailed insuring that they had adequate supplies and change, and collecting the proceeds from sales. On January 17, 1974, while he was thus servicing the machines at Spring Grove Hospital, Steve Black, the alleged accomplice, entered appellant's truck and took several bags of money from the truck. Appellant admitted that he failed to lock the truck, and also stated that the bags of money were on the floor of the truck and not in a safe that was in the truck. After a careful review of the record, we conclude that this evidence plus other evidence produced by the State of inculpatory statements made by the appellant was legally sufficient for a jury to be fairly convinced beyond a reasonable doubt that appellant was an accessory to the taking of the money from the van.

Whether appellant's participation, however, amounted to

the commission of a larceny by him is a far more difficult question.

As Judge Orth (now Chief Judge) said in *Farlow v. State*, 9 Md. App. 515 (1970), at 516:

> "If a person unlawfully appropriates the personal property of another to his own use the path between proof of that fact and conviction of a crime should be straight and clear. But in the absence of a legislative enactment creating an all inclusive crime of theft it is not. We do not have such a statute in Maryland. The result is that the precise factual circumstances determine what offense is committed and one offense is distinguished from another by fine distinctions, always technical and frequently absurd. See *Loker v. State*, 250 Md. 677; *Loker v. State*, 2 Md. App. 1; *Couture v. State*, 7 Md. App. 269; *Gordon v. State*, 5 Md. App. 291; *Lockard v. State*, 3 Md. App. 580; *Van v. State*, 1 Md. App. 347."

The opinion goes on to define and distinguish the various common law and statutory theft offenses, not all of which are pertinent here.

Common law larceny is "the wrongful and fraudulent taking and removal of personal property from the possession of another against his will, with intent to deprive the person entitled thereto of his ownership therein". *Robinson v. State*, 4 Md. App. 515, 532. "The 'taking' refers to the taking of possession from possession of one entitled thereto. Thus it must be trespassory taking and trespass against possession is the matrix of the common law larceny concept." *Farlow*, at 517.

The statutory crime of embezzlement is found in Art. 27, § 129 of the Maryland Code, and reads:

> "Whoever being a . . . servant . . . shall fraudulently embezzle any money . . . which . . . shall be . . . taken into possession by him, for . . . his master or employer, shall be deemed to have feloniously

stolen the same from his master or employer, although such money . . . was not received into the possession of such master . . . otherwise than by the actual possession of his . . . servant . . . ."

Appellant contends that the trial court erred when it let the jury consider the charge of larceny. It is appellant's position that the evidence showed that appellant was entrusted with the money and that therefore if he committed a wrong it was embezzlement and not larceny.

The State argues that the accomplice, Steven Black, committed a larceny by taking the money from the possession of the vending service company, and that appellant was guilty of larceny since he was an accessory to Black's taking. The State assumes without argument that appellant was a custodian and not a possessor of the funds. The distinction is important, for as Chief Judge Orth said in *Farlow*, at 517:

"There has been a constant judicial struggle to ascertain who has possession because an accused cannot, in legal contemplation, trespass against a person's property, if that person does not have possession."

Thus, if at the instant Steve Black carried off the money bags, the money was in the possession of appellant and not Columbia Service, then there would be a larceny committed only if appellant did not consent to the taking. Since implicit in any finding that appellant participated in the scheme to take the money is a finding that he consented to the taking, proof of larceny by either Black or appellant would fail if appellant had possession of the money. There would be no evidence of a trespass against the one with the right to possession. At best the crime would be embezzlement by appellant and his accomplice, Black. See *People v. Kelly*, 69 Calif. App. 558 (1924), for an example of a case where a California court upheld the embezzlement conviction of an accomplice of a bank teller embezzler.

The fact that appellant had control of the money is,

however, not dispositive of whether appellant had possession. The English common law made fine distinctions between possession and custody by servants. Servants were considered to have mere custody of goods when they received the goods from their master to be returned to the master. If the servant appropriated to his own use goods that he was thus in custody of, the act was considered a trespass to the master's right of possession such that the act would constitute larceny by the servant. If the servant, however, received his master's property from a third party, he was deemed to have received possession and not mere custody. He, therefore, could not be guilty of larceny until he gave up possession to the master. *Rex v. Bazely*, 2 Leach 835, 168 Eng. Rep. 517 (1799). To transfer possession to the master, however, it was not necessary to transmit the property personally to the master. Where the servant received the property from a third party and placed the property in some receptacle provided by the master for receiving the property, possession was transferred to the master when the property was placed in the receptacle. *Regina v. Reed*, 6 Cox's Ann. Cases, 284 (1854).

> "Goods which have reached their destination are constructively in the owner's possession although he may not yet have touched them and, hence, after such termination of transit, the servant who converts them is guilty of larceny, not of embezzlement." *Nolan v. State*, 213 Md. 298, 314 (1957).

In the present case, appellant obtained the money from the vending machines. If they were owned by Columbia Vending Service Co., then the money in the machines would be in the possession of Columbia. Appellant's job of collecting the money would give him mere custody and not possession, since he would be receiving the money from his master to return to his master (Columbia). Thereafter, any unlawful appropriation of the money by appellant or his accomplice would constitute larceny. There, however, was no evidence introduced as to who owned the vending machines.

Since the burden is on the State to prove every element of the offense, for the purpose of this decision, we shall assume the machines did not belong to Columbia and that when appellant obtained the money from the machines he did not receive custody from Columbia, but rather received lawful possession from a third person. If while he was thus in lawful possession of the money, either appellant or his accomplice misappropriated the money, that illegal act would not constitute larceny, since appellant could not be guilty of a trespass to his own right of possession.

The question then becomes: did appellant relinquish possession to Columbia prior to his accomplice's taking the money? We hold there was evidence from which the jury could conclude that he did. The record reflects that as the money from each machine was collected it was placed in money bags. The money bags which contained coins either from each machine or from each location were then to be placed in the safe. The safe was supposed to be locked, as were the doors of the truck, which had an alarm attached to them.

In *Regina v. Reed, supra,* the English court upheld a larceny conviction where a servant who was supposed to pick up some bales of hay for his master delivered all but two of the bales to the master. The court concluded that although Reed received the hay from a third person, and therefore received possession of the goods, he had transferred possession to the master when he placed the hay in the wagon. His driving off with two bales of the hay was a trespass against his master's right to possession, and therefore constituted larceny.

In *Nolan v. State, supra,* the Court of Appeals reversed a conviction for embezzlement because the evidence showed that the money had been stolen after it had been placed in the bank's possession. The crime proved was therefore larceny and not embezzlement. The Court of Appeals dealt with the same legal question in *Loker v. State,* 250 Md. 677 (1968), but this time affirmed a larceny conviction. Loker was claiming that since he had exclusive possession of the safe where the money was stored prior to his taking it,

possession was never transferred to his employer and therefore he could only be guilty of embezzlement and not larceny. The Court of Appeals did not agree and held there was sufficient evidence which indicated that possession had been transferred to the employer and it affirmed the larceny conviction.

Here the jury could have concluded that appellant transferred the money to Columbia when he placed the coins in the money bags or when he placed the money bags in Columbia's truck. Appellant was thereafter a mere custodian of the money, and any act by appellant or his accomplice whereby either moved the money with the intent of permanently depriving Columbia of its right to possession would have constituted larceny.

We, therefore, hold that there was sufficient evidence from which the jury could be convinced beyond a reasonable doubt that appellant participated in a larceny.

In his reply brief appellant raises for the first time the question of whether there was sufficient evidence of his presence at the scene of the crime. He contends that he should have been tried as an accessory before the fact and not as a principal.

While it is true that appellant testified that he was in the basement of a building at Spring Grove during the time Steve was taking the money bags, appellant's ex-girlfriend also testified that appellant had told her that "Steve was taking so long in the truck he [appellant] had to come out and hurry him up."

It was within the province of the jury to believe the ex-girlfriend's testimony and to disbelieve appellant. Since there was evidence from which a jury could find that appellant was present at the scene of the crime, and assisted in its commission, appellant was properly tried as a principal in the second degree. See *Agresti v. State*, 2 Md. App. 278 (1967).

*Judgment affirmed.*

*Menchine, J., Concurring:*

The evidence permitted a conclusion that one Steve Black seized and carried away several bags of money owned by Columbia Vending Service Company from a truck also owned by it. Other evidence permitted a conclusion that appellant, an employee of the owner, aided and abetted the taking. It is quite plain that appellant was without real or apparent authority thus to dispose of his master's monies, and that there was no master-servant relationship between Columbia and Black.

In *Brown v. State*, 236 Md. 505, 513, 204 A. 2d 532, 536 (1964), larceny was thus defined:

> "Larceny is the fraudulent taking and carrying away of a thing without claim of right with the intention of converting it to a use other than that of the owner without his consent. *Fletcher v. State*, 231 Md. 190, 189 A. 2d 641; *Putinski v. State*, 223 Md. 1, 161 A. 2d 117. The two elements necessary to constitute the crime of larceny in addition to the felonious intent are a physical taking and asportation of the thing taken from the actual or constructive possession of the owner."

I think that the actual taking in this case *by a third person* was classical larceny, within that definition.

The appellant was an aider and abettor of that larceny and thus a principal in the second degree. *Vincent v. State*, 220 Md. 232, 239, 151 A. 2d 898, 903 (1959).

In such circumstances I believe it is neither necessary nor desirable to travel through the labyrinthine larceny v. embezzlement dichotomy.

I concur in the result.