19931. JONES *v.* THE STATE.

BROYLES, C. J. Where a landlord bought fertilizer and delivered it to his tenant for the purpose of being used to make a crop on the land owned by the landlord and rented by the tenant, and where subsequently, by agreement between them, the fertilizer was charged by the landlord to the tenant, and the tenant was obligated to pay the entire

purchase-price of the fertilizer to the landlord, the title to the fertilizer passed from the landlord to the tenant, and the tenant could not legally be convicted of larceny after trust where he sold a portion of the fertilizer to a third person and used another portion of it upon a farm owned by him. The undisputed evidence showing the above-stated agreement between the landlord and the accused (the tenant), it follows as a matter of law that the landlord had parted with the title to the fertilizer.

The case of *Rives* v. *Holmes*, 17 *Ga. App.* 496 (87 S. E. 764), relied on by counsel for the State, is easily distinguishable from this case. In that case, as stated by this court, there was "the absence of proof showing a contract of sale" of the guano by the landlord to his tenant.

The above-stated ruling being controlling in the case, it is unnecessary to consider the assignments of error upon the charge of the court.

*Judgment reversed.. Luke and Bloodworth, JJ., concur.*

Decided November 13, 1929.

*Wolver M. Smith, Carlisle Cobb,* for plaintiff in error.
*Henry H. West, solicitor-general,* contra.