31756. PRICE *v.* THE STATE.

Decided October 15, 1947. Adhered to on Rehearing December 12, 1947.

*Ward Matthews, Noah J. Stone,* for plaintiff.in error.

*Paul Webb, Solicitor-General, James W. Dorsey, William Hall, J. Walter LeCraw,* contra.

GARDNER, J. ■ This court has many times held that, where a verdict is returned and approved by the trial judge on a motion for a new trial, the evidence is to be construed most strongly in favor of the verdict. The defendant contends through his able counsel that the transaction was a loan from Abbott to the defendant, and that title to the money passed to the defendant. If this be true, the judgment should be reversed, otherwise not. In such a situation as here presented, it is our opinion that the jury would be authorized to infer that the money was entrusted by Abbott for his use and benefit in purchasing automobiles, which were to be resold by Abbott and that the defendant was to receive one-half of the profit or suffer or be liable for one-half of

the loss on such resale. The defendant did not contend that he ever purchased any cars, and he admits that he used the money advanced to him for his own use and not for the use and benefit of Abbott. The jury, we think, were authorized to find that the title never passed into the defendant, and that the transaction was not a loan of money from Abbott to Price. See, in this connection, *Brandt* v. *State*, 71 *Ga. App.* 221 (30 S. E. 2d, 652) Counsel for the defendant contend that this case is almost identical with *Carter* v. *State*, 53 *Ga.* 326, which was reversed. We think that the distinguishing difference between the *Carter* case, supra, and the instant case, is that the evidence in the *Carter* case clearly shows that the bailment was one as set out in Code § 26-2807, but the indictment was not written under that section; and the indictment in the instant case was founded on the principle of law set out in § 26-2809. Counsel for the defendant in error also rely upon the case of *Wylie* v. *State*, 97 *Ga.* 207 (22 S. E. 954). In comparing the facts of that case with those of the instant case, it will be readily seen that the court there draws a distinction to the effect that in the *Wylie* case there was merely a payment in advance under a contract, although the money might have been obtained fraudulently. At this juncture we wish to call attention to the case of *Walker* v. *State*, 117 *Ga.* 261 (43 S. E. 701), wherein the *Wylie* case was distinguished from cases similar to the one now before us. See also *Martin* v. *State*, 123 *Ga.* 478 (51 S. E. 334). In this connection we might also call attention to *McLendon* v. *State*, 14 *Ga. App.* 737 (4) (82 S. E. 317), which reads in part as follows: "On the other hand, according to the testimony for the State, the accused was entrusted with a sum of money for a specific purpose, with which he did not comply, and so many months elapsed, after the deposit of the money and the failure to produce the suit of clothes, as to authorize the inference upon the part of the jury that he converted the money to his own use, especially since he made no report during that time as to the alleged miscarriage of the suit, and, on the contrary, changed his place of residence without communicating information of the loss of the suit and without offering to refund the money. A conversion by one, to his own use, of money or property belonging to another creates a conclusive presumption of fraudulent intent where, as in the present

case, he does not in his statement assert that the money with which he was entrusted for a single purpose was ever in fact expended for the purpose for which it was deposited with him."

■ Special ground 1 assigns error on the ground that the venue was not proved; that it was not shown by any of the evidence that the defendant converted the money in Fulton County, Georgia; that if any crime was shown to be committed, as alleged in the indictment, the venue was in Alabama. We have only the defendant's statement as to where he spent the money. Of course the jury were not bound to believe this. We think that under the evidence they were authorized to believe that at the time the defendant received the money he had the intent to convert it to his own use, under the facts of this case. In *Maynard* v. *State*, 47 *Ga. App.* 221 (3) (170 S. E. 265), it was held that the venue in a case such as now before us may be laid in the county where the property was entrusted, although the physical conversion of it was in another county, where the facts of the case authorized the jury to find that the intent to convert the money was formed in the county where the property was entrusted. We think that the evidence authorized the jury to infer that the defendant intended, at the time he received the money, not to buy the cars for which purpose the money was entrusted to him, but to convert the money to his own use. See, in this connection, *McCranie* v. *State*, 51 *Ga. App.* 192 (179 S. E. 826); *Blocker* v. *State*, 58 *Ga. App.* 560 (199 S. E. 444). We do not think that the case relied on by counsel for the defendant, *Clack* v. *State*, 47 *Ga. App.* 323 (170 S. E. 398), is authority to the contrary. The *Clack* case cites *Keys* v. *State*, 112 *Ga.* 392 (37 S. E. 762, 81 Am. St. R. 63), and says: "Where a person is entrusted with money in X county, to be delivered to a person in another county (the other county being out of the State), that upon a showing that the money had not been delivered, the person so entrusted could be prosecuted in X county, as the jury would be authorized to find that the conversion took place in that county, although the defendant testified that he carried the money to the other county and delivered it." It will thus be noted that the *Clack* case and the *Keys* case held to the effect that, under the contentions as set out in those cases, the jury may be authorized to find venue in either of two counties. There is no merit in this contention.

This case, by consent, was tried by the presiding judge without a jury. While it will be noted that we have referred to the facts as though a jury, instead of a judge, were passing on them, yet the principle of law and the effect is the same whether the facts are passed upon by the presiding judge or a jury; and since the decisions cited refer to what the jury were authorized to find and infer as a matter of fact from the evidence, the judge was likewise authorized, acting without a jury, to find the facts and infer therefrom the same conclusions as a jury. Hence, since the decisions referred to in the opinion were cases where the jury passed upon the facts, we use the words, "the jury," throughout, as the fact-finding body, rather than the judge acting as the jury.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*