## 32938. TANT v. THE STATE.

MacINTYRE, P. J. Where, although the evidence be construed most strongly in favor of the verdict and the defendant's statement most strongly against him, it appears from the evidence and the defendant's statement only that the prosecutor and the defendant entered into a contract of purchase and sale whereby the defendant was to deliver to the prosecutor an automobile at an agreed price at a specified time, and that the defendant required of the prosecutor a $50 deposit, but, having no change, the prosecutor gave the defendant $100, saying, "I haven't got the change, just got a hundred dollar bill but I would just as soon pay now as any time, just so I get a car," and it appears that on the same day the defendant sought to borrow $100 from the prosecutor to pay upon some unspecified obligation of the defendant, and the prosecutor refused to lend the defendant the money, but said, "I will give it to you on the car," and the defendant said, "All right," and at the time of the trial the defendant has not delivered the automobile—no inference is authorized to be drawn, from the evidence or the defendant's statement, that the defendant was entrusted with the money for any purpose for the benefit of the prosecutor other than under the terms of the contract of purchase and sale, or that the prosecutor intended any-

thing but that the money should be the defendant's as a payment in advance on the automobile contracted for; and even though the defendant failed to deliver the car in accordance with the agreement, there is nothing in the evidence or the defendant's statement, taken separately or together, which would authorize the verdict of guilty in this case under an indictment for larceny after trust. *Wylie* v. *State,* 97 *Ga.* 207 (22 S. E. 954); *Huff* v. *State,* 79 *Ga. App.* 717 (54 S. E. 2d, 446). Consequently, the court erred in overruling the motion for a new trial. The facts of this case clearly differentiate it from the case of *Price* v. *State,* 76 *Ga. App.* 283 (45 S. E. 2d, 462).

As we have said, the evidence does not authorize a verdict of guilty of larceny after trust. We do not pass upon the question of whether this evidence might authorize a verdict of guilty of some other criminal offense.

*Judgment reversed. Gardner and Townsend, JJ., concur.*

DECIDED MAY 20, 1950.

*Mrs. Charles L. Camp,* for plaintiff in error.
*W. .T. Maddox, Solicitor-General,* contra.