### 34060. HANSON v. THE STATE.

GARDNER, P. J. 1. The defendant was convicted of larceny after trust on an indictment which charged substantially that the prosecutor, J. A. Jones, entrusted the defendant with $220 to purchase for the prosecutor two tractor tires. The defendant filed his motion for a new trial on the general grounds and duly added thereto one special ground. The

court denied the motion on which judgment the defendant assigns error.

The prosecutor was the only witness for the State. In addition to his oral testimony, a check given by Jones to the defendant for $220 was introduced in evidence. There is no contention but that the prosecutor made the check to the defendant, and that the defendant received the money thereon. The testimony of the prosecutor is substantially as follows: He owned a tractor, and the defendant had, before the incident herein involved, done work on the tractor for the prosecutor. On the occasion in question, the prosecutor spoke to the defendant with reference to the defendant doing some work on the tractor for the prosecutor, after the prosecutor had finished hauling in his corn. On the date the prosecutor gave the check to the defendant for the tires, the defendant went to the house of the prosecutor to inquire when the work on the tractor was to begin. The prosecutor stated to the defendant that he would begin work on the tractor as soon as he finished gathering his corn. During the conversation, the prosecutor stated that he wanted to get some tires for the tractor. The defendant stated that he could save the prosecutor money by getting the tires for the prosecutor if the prosecutor so desired. There was no work to be done on the tires. The defendant worked on the tractor and received $57.30 therefor, but never got the tires for the tractor, and never returned the $220 to the prosecutor. The prosecutor purchased tires elsewhere for $223. The defendant stated to the prosecutor that he thought he could get these tires for $110 each, hence the $220 check to the defendant.

The defendant stated substantially: that he couldn't locate the tires; that he thought he could; that he tried to locate tires; that he tried in Griffin and in Atlanta by telephone; that the defendant tried to get the prosecutor to wait until the defendant could locate tires; that he saw the prosecutor in Goodyear's store, but that he did not know what the prosecutor told the people in the Goodyear store; that the defendant called a man to help the prosecutor get the tires; that the prosecutor told the defendant that it was entirely up to the defendant and he couldn't do anything; and that, before the defendant could get anything done, the prosecutor got the tires himself.

2. The special ground is abandoned. Therefore, the only question to be decided is, does the evidence sustain the verdict of guilty? It is the contention of counsel for the defendant that under the evidence the defendant was making a sale of the tires to the prosecutor, and that the $220 was paid to the defendant on a contract of sale by the defendant to the prosecutor and, therefore, the transaction was based on a breach of contract, and not an entrustment within the meaning of the statute covering larceny after trust. In support of this contention on the part of the defendant, our attention is called to *Huff* v. *State*, 79 *Ga. App.* 717 (54 S. E. 2d, 446); *Tant* v. *State*, 81 *Ga. App.* 633 (59 S. E. 2d, 557). It will be noted that the facts in those two cases differ from the facts in the instant case. In those two cases it will be noted that the defendant therein was salesman of a particular article, and a clear contract of sale was involved in each of those cases. In the *Huff* case, the defendant was a salesman of installed tombstones and

the contract price was paid in advance. In the *Tant* case, the defendant was an automobile salesman and the purchase price was paid to the salesman in advance on the contract. In the instant case, the defendant was a mechanic and he contracted to do repair work on the tractor. For this he was paid $57.30. It nowhere appears from the evidence in the instant case that the defendant was a tire salesman. The $220 was entrusted to him for the specific purpose of purchasing two tractor tires. He did not purchase the tires. He did not return the money. There is quite a distinction between the violation of a contract, as appears in the *Huff* case and in the *Tant* case, and the entrustment of money for a specific purpose for the use of the person entrusting the money. On the one hand, it is a breach of contract; on the other hand, it is an entrustment for a specific purpose. The court specifically charged the jury that, if the defendant made a sale of the tires to the prosecutor, he could not be convicted; but, if the money was entrusted to him by Jones for the specific purpose of the defendant purchasing two tires for the prosecutor, then the defendant would be guilty as charged. Under the facts the jury found that it was an entrustment for a specific purpose as set out in the indictment, and not a contract of sale. Accordingly, the evidence sustains the verdict, and the court did not err in denying the motion for a new trial. The instant case is controlled by the principle of law as discussed in *Price* v. *State*, 76 *Ga. App.* 283 (45 S. E. 2d, 462), and cases therein cited.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED MAY 23, 1952.

Emmett Smith, for plaintiff in error.
Wright Lipford, Solicitor-General, contra.