## 35716. GAMMAGE *v.* THE STATE.

CARLISLE, J. The defendant was convicted of larceny after trust under an indictment charging that, "after having been entrusted by another, to wit, James D. Green, with $55.81 in money of the value of $55.81, for the purpose of applying the same for the use and benefit of James D. Green, the owner thereof and person so delivering it, said money having been delivered to said defendant for the purpose of paying the same on a note held by Atlantic Discount Company, said James D. Green having previously signed as security on said note, said Green then and there delivering said money to defendant upon an agreement that said defendant would deliver said money to John Ewing in order that the latter might turn over same to said Atlantic Discount Company, defendant did thereafter fraudulently convert the same to his, defendant's, own use." His motion for a new trial, based solely on the general grounds, was denied, and he has brought the present writ of error to have that judgment reviewed.

1. The offense of larceny after trust comprehends a relationship of trust, which must be proved as laid (*Silvers* v. *State,* 79 *Ga. App.* 223, 53 S. E. 2d 388), and does not apply if the relationship between the prosecutor and the accused is merely that of debtor and creditor. *Tant* v. *State,* 81 *Ga. App.* 633 (59 S. E. 2d 557); *Huff* v. *State,* 79 *Ga. App.* 717 (54 S. E. 2d 446). And where, from all the evidence adduced upon the trial of one charged with larceny after trust of a stated sum of money, it appears without contradiction that the prosecutor and the accused entered into an agreement for the accused "to turpentine" a certain tract of timber belonging to the prosecutor, but located a considerable distance from the home of the accused; that the prosecutor agreed to help the accused secure an automobile by signing the conditional-sale contract on the automobile as security; that the prosecutor advanced the accused money from time to time, which was charged against the accused's tur-

pentine account, and this account was settled from time to time as the turpentine was produced; and that the money which the accused is charged with converting was "loaned" to the accused and charged against the accused's turpentine account—the evidence is not sufficient to authorize a conviction of larceny after trust, notwithstanding the fact that the prosecutor instructed the accused to apply the money toward payment on the automobile, as the relationship between the prosecutor and the accused was that of debtor and creditor and no fiduciary relationship between them was established with reference to the money. See also, in this connection, *Davis* v. *State*, 38 *Ga. App.* 206 (143 S. E. 435); *Jones* v. *State*, 40 *Ga. App.* 535 (150 S. E. 450). The trial court erred, consequently, in denying the defendant's motion for a new trial, based solely on the general grounds.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 15, 1955.

.*R. B. Williamson*, for plaintiff in error.