36538. COLE *v.* THE STATE.

DECIDED JANUARY 30, 1957—REHEARING DENIED
FEBRUARY 14, 1957.

G. B. Cowart, for plaintiff in error.

W. Glenn Thomas, Solicitor-General, contra.

GARDNER, P. J. The jury were authorized, under the evidence, to find that the defendant well knew that FHA would not approve these applications on the part of the defendant and that the defendant had been so advised by the FHA. With this knowledge the defendant continued to accept deposits and applications from these owners. The defendant does not show that he returned to the owners any of the money which he received in excess above expenses.

The defendant relies on and calls our attention to only three decisions to sustain the contention of reversal. These are: *Wylie v. State*, 97 *Ga.* 207 (22 S. E. 954), *Huff v. State*, 79 *Ga. App.* 717 (54 S. E. 2d 446), and *Tant v. State*, 81 *Ga. App.* 633 (59 S. E. 2d 557). These cases speak for themselves. The facts in these cases are not at all similar to the facts in the instant case. In our opinion the instant case is controlled by *Walker v. State*, 117 *Ga.* 260 (1) (43 S. E. 701) wherein the Supreme Court held: "Where one entrusted with money by another fraudulently converts it to his own use, he is guilty of larceny after trust, though he may have fraudulently induced the delegation of the trust with intent to so convert the money." In *Martin v. State*, 123 *Ga.* 478 (51 S. E. 334) it is held: "If a person, fraudulently intending to get possession of the money of another and appropriate the same to his own use, by false representations induces the owner to deliver the money to him for the purpose of being applied for the owner's use or benefit, and then appropriates it in pursuance of the original intent he is guilty of both larceny after trust delegated and simple larceny, and may be prosecuted for and convicted of either offense." In *Price v. State*, 76 *Ga. App.* 283 (1) (45 S. E. 2d 462) this court held: "Under the evidence in this case, the jury were authorized to find that the money was entrusted to the defendant for the use and benefit of the owner, and that the defendant converted the same to his own use and there was no loan of the money from the owner to the defendant."

The court did not err in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*