## DAVIS *v.* STATE

[No. 321, September Term, 1961.]

*Decided June 18, 1962.*

140

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Walter M. Baker* for appellant.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General* and *J. Albert Roney, Jr., State's Attorney for Cecil County,* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

The appellant, Harold E. Davis, was indicted and tried in the Circuit Court for Cecil County on six counts for violation of Code (1957), Article 27, § 140 (False Pretenses). He pleaded not guilty, was tried by a jury, found guilty on counts numbered 2, 4, and 6, and not guilty on counts numbered 1, 3, and 5. The court granted the appellant's motion for a directed verdict on count No. 5, and instructed the jury, before it retired, to find him not guilty on that count.

Davis, beginning on November 1, 1961, to and including November 9, 1961, obtained various sums of money from six residents of Cecil County. The evidence showed that the appellant, some two weeks before his arrest, had a rubber stamp with the term "Church Directory" on it made in Baltimore City. As part of his scheme he would usually call a victim for an appointment and would identify himself by a name and later call upon the victim, using a different name, advising the victim that he was sent by the individual who had talked to him over the telephone. He indicated to the victims that he was selling advertising and collecting money for a church directory, that he represented an existing organization, and on several occasions claimed to be a minister. Most of the money collected by the appellant was given by means of checks and all of these checks, with the exception of one (involved in the fifth count), were charged to the maker's account at the

drawee bank. On various occasions the appellant issued a receipt, plainly marked with the term "Church Directory", to the victim who had paid him money. He was arrested November 11, 1961, and his statement to the sheriff of Cecil County admitted there was no such "book" as the church directory, although he stated that he would have put the ads in the directory when it was published.

On this appeal from the judgments and sentences imposed, he makes two contentions: 1, that the jury's verdicts on the five counts of the indictment were inconsistent and repugnant; and 2, that he should have been granted a directed verdict on all counts, claiming the evidence was insufficient under the law to convict him on the charges of false pretenses.

We find no merit in his first contention. A short answer to this is that each count charged a separate offense, based on different facts and different victims. The trial required different witnesses as to each count, and it was within the province of the jury to weigh the evidence and judge the credibility of the witnesses. There was no inconsistency or repugnancy in any of the counts.

The appellant's second contention is equally without merit. In order to convict an accused on the charge of obtaining money or property by false pretenses, the State must show that there was a representation of a past or existing fact made with intent to defraud, and that the operation of such representation as a deception induced a transfer and the obtaining of the money or property by the person committing the fraud to the loss of another. *Marr v. State,* 227 Md. 510, 177 A. 2d 862; *Levy v. State,* 225 Md. 201, 170 A. 2d 216; *Willis v. State,* 205 Md. 118, 123, 106 A. 2d 85.

An essential element of obtaining money by false pretenses is that the victim actually relied upon the false representation. In the instant case the appellant stated that he intended to publish a church directory at a future date; requested that checks in payment for the advertisements be made payable to the directory; and presented receipts containing the term "Church Directory", which indicated the existence of a present organization, which did not in fact exist. Moreover, he

stated that he was a minister and that his church was in Rising Sun, Maryland, which was untrue.

These representations, which were false, were relied on by the victims and these pretenses served as an inducement to the victims for parting with their money. This evidence together with the written statement given the sheriff by the appellant, was sufficient to show intent to defraud and all the other essential elements constituting the offense of obtaining money by false pretense, as provided by § 140, *supra*.

*Judgment affirmed.*