## WILKES *v.* STATE

[No. 340, September Term, 1961.]

*Decided July 6, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and SYBERT, JJ.

*Stanley J. Schapiro,* with whom was *Michael F. Freedman* on the brief, for appellant.

*Robert S. Bourbon, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *James W. McAllister, State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, on the brief, for appellee.

260

PER CURIAM.

The appellant was convicted in a non-jury trial of attempting to rob a taxicab driver with a deadly weapon and sentenced to a term in the Maryland Penitentiary.

We find no merit in appellant's contention here that the evidence was legally insufficient to support the finding of guilt. The cab driver testified that when appellant was asked to pay his fare he replied, "I ain't going to pay you nothing, this is a holdup", at which time the driver noted the blade of a knife sticking out of appellant's hand. The driver stated that a struggle ensued during which appellant threw the knife at the driver, but missed his mark, whereupon the driver pinned appellant to the ground. A policeman, called by another driver who had come upon the scene, testified that when he arrived the cab driver was holding the appellant on the ground and that both were "breathless as though a struggle had happened." The officer found the knife some 75 feet away from the scene after being informed by the driver of the direction in which it had been thrown. At the trial the appellant denied owning the penknife and denied that the cab driver had touched him or that any struggle had taken place. His version was that the driver called the police when he offered to get money to pay the fare in a nearby house and that he was standing beside the cab when the policeman arrived.

The credibility of the witnesses was a matter for the trier of fact to determine, and the trial judge was under no obligation to believe the appellant's story. *Knuckles v. State*, 228 Md. 318 (1962). The evidence was ample to support the charge.

Appellant's only other contention is that the trial court erred in admitting the penknife into evidence without sufficient identification of it as belonging to the appellant. The knife was identified by both the police officer and the cab driver as the weapon found at the scene of the crime after a search by the officer of the area where the thrown knife would have landed. We have consistently held that a probability of connection of proffered evidence with a crime is enough to make it admissible, its weight being for the trier of fact to evaluate.

*Spriggs v. State,* 226 Md. 50 (1961). We find no error in the admission of the knife.

*Judgment affirmed.*