## NICHOLS v. STATE

[No. 284, September Term, 1962.]

384

*Decided May 6, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*William O. Goldstein* for the appellant.

*R. Randolph Victor, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *George J. Helinski, Assistant State's Attorney,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was found guilty of larceny and false pretenses by a jury, and sentenced to one year on each count, to run consecutively.

At about 2:30 A.M., on October 7, 1961, two police officers investigated an automobile parked on Park Heights Avenue and spoke to the two occupants. The car was owned and driven by Roland Shipley, and Nichols was a passenger. The officers

noticed certain articles in the back seat, consisting of temporary Maryland tags, a white-wall tire and a battery and a generator. The appellant explained that the articles were his, and that he had taken them from his 1955 Plymouth.

Subsequently, both parties were arrested for larceny, and other articles, consisting of a conditional sales contract for a 1955 Plymouth between Inexpensive Motors, Inc., and Jackie Forinash, 213 22nd Street, a driver's license in that name, and a temporary registration card for the temporary tags in that name, were found on the appellant. He also had a chauffeur's license in his own name, listing his address as 621 S. Pulaski Street. The appellant told the officers where they could locate the car in question, and they found it on a lot in the rear of 2600 block Frederick Avenue, stripped of various accessories.

At the trial the prosecuting witness Rosenfeld, a vice president of Inexpensive Motors, testified that he sold the car to the appellant, who gave his name as Forinash, on September 25, 1961. The appellant traded in a 1950 Plymouth, but had no cash to pay the purchase price of $285.00. A conditional sales contract was executed, calling for 24 weekly payments of $10.00 each, the first installment falling due on September 29, 1961. Rosenfeld testified that since no payment was forthcoming on September 29, 1961, the car was repossessed on the morning of September 30, 1961, and taken to a lot at 1939 Maisel Street belonging to the Motors Company. After the repossession, the appellant came to the place of business of the Motors Company and made threats.

Shipley and the appellant both admitted they had moved the car from Maisel Street to Frederick Avenue, and stripped it, but the appellant testified that they took the car on September 27 or 28, to try to fix it so it would run, after he had taken the car back to the Motors Company to be repaired. Rosenfeld's testimony was to the contrary. The appellant admitted that the 1950 car he traded in was titled in the name of Forinash, a man he said he had met in jail and who had sold him his operator's license. Nichols bought the 1950 car from Ace Motors two days earlier for $45.00. He had no other money and no regular job. It was brought out on cross-examination that Nichols had a long criminal record, and he admitted that

he had used the name of Forinash because his own credit was bad. He testified, however, that he made known his real identity to Rosenfeld, although this was denied by Rosenfeld.

The appellant contends that the repossession testified to was unlawful. We find no merit in the contention, which relies upon Code (1957), Art. 83, Sec. 141 (c) requiring written notice, of the amount due and the buyer's right to redeem, within 5 days after repossession. Repossession without notice is authorized upon default both by the conditional sales contract and Sec. 141 (a) and (b). Cf. *Krauss v. State,* 216 Md. 369, 371. According to Rosenfeld, Nichols knew of the repossession on September 30, but nevertheless took the car without authority within the five day period. The appellant cannot rely on the statute to justify his illegal taking. We think there was legally sufficient evidence to support the jury's finding that Nichols had lost any right to possession at the time he removed and stripped the car, and hence that he was guilty of larceny.

The appellant contends, however, that the conviction of false pretenses cannot be sustained because the seller did not rely upon the false representation that Nichols was Forinash, even if the jury believed that Rosenfeld did not know Nichols' true identity. It may well be that Rosenfeld would have sold the car to anyone able to make a down payment, but the argument overlooks the fact that a $45.00 credit was allowed upon the 1950 car traded in. That car was titled in the name of Forinash, and the representation that Nichols was Forinash and hence entitled to assign the certificate to the dealer, was material to the extension of credit. Moreover, Nichols himself admitted that he was using the name of Forinash, and a driver's license in that name to which he was not entitled, because his own credit was bad and he was without funds at the time. These acts were criminal in nature. See Code (1957), Art. 66½, §§ 75, 76, 77. Under the circumstances, we think the jury could properly find reliance. The instant case falls in the pattern of *Davis v. State,* 229 Md. 139 and *Marr v. State,* 227 Md. 510, rather than *Levy v. State,* 225 Md. 201, 206, where the testimony of the prosecuting witness expressly negatived any inference of reliance upon the false representation. *Willis*

*v. State,* 205 Md. 118 is likewise distinguishable on the facts. An intent to defraud can be inferred in the instant case.

*Judgments affirmed.*