## 40398. SHAW v. THE STATE.

NICHOLS, Presiding Judge. The defendant was indicted and convicted of larceny after trust for having converted money of the Bank of Millen to his own use after having been entrusted with such money to apply same to the benefit of the owner. Error is assigned on the judgment of the trial court overruling his motion for new trial.

The State's witnesses testified that the money allegedly converted was entrusted to the defendant for the purpose of paying off a lien on property used to secure an indebtedness owed to the bank by the defendant, yet the documentary and other evidence shows that the fund delivered to the defendant was a loan secured by a note due and payable ninety days thereafter. *Held:*

"The offense of larceny after trust comprehends a relationship of trust, which must be proved as laid (*Silvers v. State,* 79 Ga. App. 223, 53 SE2d 388), and does not apply if the relationship between the prosecutor and the accused is merely that of debtor and creditor. *Tant v. State,* 81 Ga. App. 633 (59 SE2d 557); *Huff v. State,* 79 Ga. App. 717 (54 SE2d 446)." *Gammage v. State,* 92 Ga. App. 235 (1) (88 SE2d 174). The verdict was not authorized by the evidence and the trial court erred in overruling the defendant's motion for new trial on the usual general grounds. The special grounds of the motion for new trial, each being incomplete, are not passed upon. See *Burns v. McLucas,* 106 Ga. App. 102 (1) (126 SE2d 309); *American Iron &c. Co. v. National &c. Gas Co.,* 105 Ga. App. 458, 460 (125 SE2d 106).

*Judgment reversed. Frankum and Jordan, JJ., concur.*

DECIDED OCTOBER 16, 1963.

*Claud R. Caldwell,* for plaintiff in error.
*Cohen Anderson, Solicitor General,* contra.