## NICHOLAS *v*. STATE

[No. 382, September Term, 1964.]

*Decided July 29, 1965.*

The cause was argued before HORNEY, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

*Fred Kelly Grant* for the appellant.

*Fred Oken, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Lucy Ann Garvey, Assistant State's Attorney,* on the brief, for the appellee.

SYBERT, J., delivered the opinion of the Court.

After a non-jury trial before Judge Harlan in the Criminal Court of Baltimore, the appellant, Horace Nicholas, was convicted of obtaining money by false pretenses under one indictment and of larceny under another and was sentenced to imprisonment. This appeal followed.

According to the State's evidence in the false pretense case, appellant informed one Hemsley that he had some whiskey which he wished to sell, and Hemsley took him to the home of a friend, the complaining witness, Joseph Chalmers, Jr., who agreed to buy three cases for $45.00. Appellant told Chalmers the whiskey was located at a friend's home on Carey Street in Baltimore. The three men drove there and appellant went to the door and returned to the car, stating that his friend was not at home.

The three men separated, but in a short time appellant returned to Chalmers' home and told him his friend was now at home. On the way back to Carey Street a stop was made at a bar where Nicholas picked up a key explaining "if the fellow isn't home, I can get in." At Carey Street, appellant entered the house and returned a few minutes later stating "come on the whiskey is ready." At appellant's direction, Chalmers opened his car trunk. As the two were entering the house appellant said "the lady wants her money" and that after payment he would bring the whiskey downstairs. Chalmers gave $45.00 to appellant, who went upstairs with it. When after five minutes appellant did not return, Chalmers went upstairs and knocked on the door but there was no answer. Forty minutes later Chalmers and Hemsley found appellant in a bar where Chalmers demanded the return of the money but Nicholas said he was sorry, and that he did not have the money. Chalmers

called the police and when he went outside to talk to them appellant fled through a rear door. The defense did not call any witnesses in the false pretense case.

The State produced evidence in the larceny case to show that on the evening of the day after the liquor episode appellant approached one Tousant Boisvert (the complaining witness), whom he did not know, in a bar and offered to sell him a color television for $150.00. Boisvert borrowed the money from a friend, one Dyson, in the bar. These three men and an unidentified girl then drove to an address in Baltimore where the TV set was said to be located. Appellant knocked on the door but there was no answer. A police officer walked by and told appellant and Boisvert that the house was empty. Appellant then asked Boisvert whether he had brought the money. Boisvert answered "yes" and exhibited the $150.00. Then, according to Boisvert, appellant grabbed the money and fled. Boisvert chased him and they were both apprehended by a police officer. Boisvert was ultimately released and his money was returned to him.

Appellant took the stand and testified that on the night in question he was drinking with a girl friend of Boisvert in a bar when he mentioned having some whiskey to sell. The girl then brought over Boisvert who offered to buy several cases. Boisvert, according to appellant, gave $150.00 to the girl to hold. They then drove to the house where appellant asked for and received the money from the girl. Appellant stated that as he knocked on the door a passing police officer told him the house was vacant. Then, according to appellant, when Boisvert asked for his money back and moved toward him, he ran away only to be apprehended by the police. He admitted that he did not intend to return the money. Boisvert was then called by the State in rebuttal and he testified that he did not know the girl, that she did not approach him, and that he did not give her the money.

Appellant's first contention on this appeal is that the State failed to prove an essential element of the crime of false pretenses, *i.e.,* that he had made a representation of an existing fact which was false. Precisely, he claims that the State did not prove there was not any whiskey at the Carey Street address.

Unquestionably, the State had the burden to prove this element as it had the burden to prove all elements of the crime, *Davis v. State,* 229 Md. 139, 182 A. 2d 49, cert. den. 83 S. Ct. 200 (1962), but it is also true that whether the State met the burden depends on the facts and circumstances of each case. *Smith v. State,* 237 Md. 573, 207 A. 2d 493 (1965). We think the evidence was sufficient to warrant a finding of the essential element of false pretenses mentioned. The testimony as to the elaborate "build up" by appellant, that there was no sign of whiskey in the house when the victim went inside, or of a "lady who wanted her money" for the whiskey, or of appellant, who had obviously decamped with the money, was, in our view, legally sufficient to support a reasonable inference by the trial court that there was no whiskey for sale at the Carey Street address.

Appellant next contends there was insufficient evidence to support a conviction in the larceny case. We do not agree. He argues that the money was given to him voluntarily by the girl to whom he said Boisvert had given the money earlier, and that therefore there was no "taking". However, he ignores the testimony of Boisvert that appellant grabbed the money from him and fled, which supplied the necessary elements of larceny. Appellant himself testified that he did not intend to return the money and he admitted that he ran away from Boisvert. It is obvious that the trial court did not believe appellant's testimony in regard to how he acquired the money and we cannot say that he was clearly wrong. Cf. *Wilkes v. State,* 229 Md. 259, 182 A. 2d 488 (1962).

Finally, appellant asserts, for the first time on this appeal, that he was not adequately represented by counsel below. Although this claim is not properly before us, we find it is not borne out by the record. Appellant complains that his court appointed counsel never visited him in the Baltimore City jail before trial, that therefore appellant had no opportunity to tell counsel about the girl who was allegedly involved in the larceny case, and that thus counsel did not attempt to locate the girl for trial. However, this argument is deflated by an admission of appellant that an associate of his counsel did visit him in jail before trial. Therefore, appellant did have an opportunity to

tell counsel about the girl. Furthermore, if appellant thought his case was prejudiced without the nameless girl's testimony, or by inadequacy of representation by counsel, he could have complained to the trial judge, which he failed to do. *Brown v. State,* 237 Md. 492, 498, 207 A. 2d 103 (1965).

*Judgments affirmed.*