# VELMA B. SPILLERS *v.* STATE OF MARYLAND

[No. 66, September Term, 1970.]

*Decided January 7, 1971.*

644

The cause was argued before ORTH, THOMPSON, and POWERS, JJ.

*John D. Hackett,* with *A. David Gomborov* and *David S. Harris* on the brief, for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Robert S. Fertitta* and *Sandra F. O'Connor, Assistant*

*State's Attorneys for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Velma B. Spillers, the appellant, a bookkeeper for Levi-Ottenheimer Company, managed to steal a considerable sum of money during her employment from December, 1962, to December, 1966. She was convicted of several offenses in the Criminal Court of Baltimore and was sentenced to a total term of eight years, Judge William J. O'Donnell presiding with a jury. The particular convictions and sentences are as follows:

> Indictment No. 1669, false pretenses, six years.
>
> Indictment No. 1670, forgery and uttering, six months on each count, concurrent with each other and with Indictment No. 1669.
>
> Indictments Nos. 1671-1679, inclusive, causing to forge and uttering, six months on each count concurrent to each other and consecutive with each previous indictment but concurrent with No. 1669.
>
> Indictments Nos. 3770 and 3774, larceny after trust, one year on each indictment consecutive to each other and to the sentence under Indictment No. 1669.

Such facts as are necessary for this opinion will be stated under the various contentions.

## I Jurisdiction of the Criminal Court of Baltimore

Spillers was convicted under Indictment No. 1669 for obtaining $45,264.53 over a four year period by falsifying her employer's weekly payrolls, which she supervised, and causing checks to be made payable to persons not then employees of the company. She then endorsed the payees' names on the checks before depositing them in her personal account. She thus fraudulently obtained and used for her own purposes the proceeds of 988 checks.

Appellant contends the Criminal Court had no juris-

diction to try the offense because the statute of limitations barred the prosecution of all checks which were obtained more than one year prior to the indictment and that the proof showed less than $500. was received within the one year period. She alleges the prosecution in the Criminal Court of Baltimore was barred by Md. Code, Art. 26, § 109 which vested exclusive jurisdiction for false pretenses involving less than $500. in the Municipal Court of Baltimore.

The contention is without legal basis, assuming it to be factually sound, for two reasons: (1) Md. Code, Art. 26, § 109 specifically provides in subsection (c) (3) that nothing contained in the section bars a prosecution in the Criminal Court of Baltimore City on any indictment returned by the grand jury on its own motion and further "any such presentment by the grand jury of Baltimore City shall be conclusively presumed to have been made in accordance with the provisions of this subsection." See *Gerstein v. State*, 10 Md. App. 322, 270 A. 2d 331. (2) The one year statute of limitations does not apply to false pretenses where the amount involved exceeds $500.[1] Md. Code, Art. 57, § 11 provides a statute of limitations of one year on misdemeanors but excludes those punishable by confinement in the penitentiary. See *Duvall v. State*, 5 Md. App. 484, 248 A. 2d 401. Md. Code, Art. 27, § 140 provides that false pretenses of more than $500. can be punishable by confinement in the penitentiary. The appellant, however, alleges the legislature abolished so called "penitentiary misdemeanors" by the Laws of Maryland 1967, Chapt. 695, codified as Md. Code, Art. 27, § 690, wherein judges were directed to sentence all prisoners to the jurisdiction of the Department of Correction and gave that department authority to assign prisoners to specific institutions.

We are unable to ascribe such broad intention to the legislative act in question which was obviously designed

---

1. The amount of $500. applies in Baltimore City. It varies in different counties.

to ease the administrative burden by having prisoners assigned by one central authority. The legislature made no change in Md. Code, Art. 27, § 140 (providing that persons convicted of false pretenses could be sentenced to the penitentiary) nor did it change Md. Code, Art. 57, § 11 (providing crimes punishable by confinement in the penitentiary were not covered by the one year statute of limitations). The legislature was concerned with the administration of the Department of Correction and not with limitations on criminal prosecutions.

## II Alleged Violation of Appellant's Constitutional Right Against Self-Incrimination

Spillers alleges her right not to incriminate herself under the Fifth Amendment of the Federal Constitution was violated when the court, over objection, permitted the introduction of the bank's records of her personal account wherein the improperly obtained checks were deposited. Although she cites a large number of cases, their connection with the proposition is at best nebulous. The cases directly in point are very few, probably because long ago in *Johnson v. United States*, 228 U. S. 457, 33 S. Ct. 572, 57 L. Ed. 919, 920, the Supreme Court said:

> "If the documentary confession comes to a third hand *alio intuito* as this did, the use of it in court does not compel the defendant to be a witness against himself."

For an excellent discussion of the question, see *United States v. Onassis*, 133 F. Supp. 327, a case directly in point which holds contrary to the appellant's contention. Also see Wharton, *Criminal Evidence*, § 727 (Anderson 12th Edition).

## III Permitting the State to Reopen its Case in Chief

Spillers alleges the trial court committed reversible error when it permitted the State to reopen its case to establish an essential fact (to show the location of the bank in which the forged checks were deposited). We will as-

sume, without deciding, the evidence offered after the case was reopened was essential for the convictions.

We have reviewed this contention in a number of cases and have uniformly held the trial judges are vested with the widest discretion in the conduct of trials. Ordinarily, there is no abuse of discretion in permitting the State to reopen its case for the purpose of proving important or even essential facts to support a conviction, and we find none here. See *Jones v. State,* 2 Md. App. 356, 234 A. 2d 625, *Boone v. State,* 2 Md. App. 80, 233 A. 2d 476 and *Tingler and Wright v. State,* 1 Md. App. 389, 230 A. 2d 375.

### IV  Sufficiency of the Evidence to Support Conviction Under Indictment No. 1669 for False Pretenses

Spillers makes the frivolous contention that she did not obtain money by reasons of a false representation. In *Lockard v. State,* 3 Md. App. 580, 583, 240 A. 2d 312, we defined false pretenses as involving " '(1) false representation of a past or existing fact; (2) made with intent to defraud; and (3) that the victim actually relied on the false representations to her loss.' " Here, appellant represented to one of the general partners of her employer that the weekly payrolls were greater than they actually were because she included therein employees who were not working during the periods in question. By means of this deception, she obtained checks which she deposited in her own account. The application of the facts to the definition of the crime are so obvious as not to require further discussion.

### V  Larceny After Trust and Larceny

Spillers contends that since she was a mere servant of the firm for which she worked the theft by her of two accounts receivable checks in Indictments Nos. 3770 and 3774 made her guilty of larceny and not larceny after trust, citing Wharton, *Criminal Law,* §§ 1262, 1276, 1280. In making this contention, she assumes that when the facts of the case show a common law larceny, she cannot

be convicted of statutory larceny after trust, Md. Code, Art. 27, § 353.

In *Van v. State,* 1 Md. App. 347, 230 A. 2d 109, we reviewed the history of the larceny after trust statute and showed that it had been borrowed from the laws of Georgia. After reviewing the Georgia cases and considering the express language of the statute, we concluded that facts showing one to be guilty of embezzlement did not preclude his conviction under the larceny after trust statute as an alternative to an embezzlement conviction. We did not at that time consider whether a larceny after trust conviction could stand where the facts of the case showed a common law larceny. In *Martin v. State,* 51 S. E. 334, the Supreme Court of Georgia held that under the Georgia statute, an accused can be convicted of larceny after trust despite a showing that the facts justifying the conviction would, at common law, have constituted larceny. To the same effect see *Cole v. State,* 95 Ga. App. 129, 97 S.E.2d 383, *Cordovano v. State,* 7 S.E.2d 45, and *Kelley v. State,* 100 S. E. 23.

The evidence here shows, whether as agent or servant, the appellant was entrusted with the checks for the purpose of applying the same for the benefit of the owner and that she fraudulently converted them to her own use, and thus the case is within the clear language of the statute. Contrary to the appellant's allegation, the term "entrust" does not require that legal title be held by the person entrusted. It is sufficient if it is shown that the check or thing of value was "committed" to the accused. (Webster's New Int. D.) The very reason the legislature enacted the larceny after trust statute was to cover those troublesome cases wherein it is difficult to decide whether the crime involved was larceny or embezzlement. It provides the prosecutor with a crime which overlaps both larceny and embezzlement when the facts involve an entrustment of a thing of value which is fraudulently converted by the accused.

## VI  The Sufficiency of the Evidence Under
## Indictments Nos. 1670-1679

In a number of specious arguments, Spillers contends her convictions under these indictments were based on insufficient evidence.

As to the forgery conviction, Indictment No. 1670, she ignores clear testimony that the name of the payee as well as the endorsement was in the appellant's handwriting. As to Indictments Nos. 1671 to 1679, Spillers alleges a conviction of causing to forge requires a showing that the clerk who actually wrote the checks must have knowledge they were false. Overwhelming evidence shows that the clerks under the supervision of Spillers wrote the forged checks because the appellant had prepared a false payroll. She cites no authority to support her proposition and we know of none.

As to the uttering conviction, Spillers alleges the evidence is insufficient to show that she personally deposited the checks in her account. The evidence leads to no other reasonable conclusion but that the appellant either personally, or through an innocent agent, deposited the checks in her own account with knowledge they were forged and with intent to defraud. See *Pearson v. State,* 8 Md. App. 79, 258 A. 2d 917.

## VII  The Trial Court Refused to Grant Instructions
## to the Jury that the Charges of Uttering in In-
## dictments Nos. 1670-1679 would Merge
## into the Charges of False Pretenses,
## Indictment No. 1669.

The doctrine of merger is applicable to preclude multiple convictions on merged offenses. *Gee v. State,* 2 Md. App. 61, 233 A. 2d 336. It has no application where, as here, the charge of false pretenses and the charges of uttering were based on entirely different transactions. In disposing of this frivolous contention, we do not overlook the failure to properly preserve this objection in that there was no objection after the charge was made, see

*Bennett v. State,* 230 Md. 562, 568, 188 A. 2d 142, Md. Rule, 1085, 756 f. g.

### VIII  Prejudice

Spillers contends she did not receive a fair trial on the totality of the aforegoing alleged errors. Since we find no errors, the contention falls of its own weight. We might point out that judicial prejudice is not shown merely because a trial judge overrules a large number of an accused's objections, especially where the objections are without legal foundation.

> *Judgments affirmed. Appellant to pay costs pursuant to order of trial court dated January 15, 1970.*