JOSEPH L. DAVIS, JR. *v.* STATE OF MARYLAND

[No. 665, September Term, 1972.]

*Decided July 9, 1973.*

The cause was argued before MOYLAN, THOMPSON and DAVIDSON, JJ.

*Jonathan Azrael* for appellant.

*David B. Allen, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City, Paul Cocoros* and *Jerry Richman, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

On 25 July 1972, in the Criminal Court of Baltimore, Judge Basil A. Thomas, sitting without a jury, convicted appellant Joseph L. Davis, Jr., of obtaining money by false pretenses. On appeal he complains that the evidence was insufficient to sustain his conviction and that the prosecution was barred by the statute of limitations.

I

It is well settled in Maryland that the crime of false pretenses is committed "when a chattel, money or valuable security is obtained from another *by making a false representation of a past or existing fact* with intent to defraud and with knowledge of its falsity." (Emphasis supplied.) *Bosley v. State,* 14 Md. App. 83, 89, 286 A. 2d 203, 207 (1972); *Polisher v. State,* 11 Md. App. 555, 560, 276 A. 2d 102, 104, *cert. denied,* 404 U. S. 984, 92 S. Ct. 449 (1971); Code (1957), Art. 27, § 140. In order to sustain a conviction for obtaining money by false pretenses, the State must prove every element necessary to constitute the crime. *Smith v. State,* 237 Md. 573, 578, 207 A. 2d 493, 495 (1965); *Davis v. State,* 229 Md. 139, 142, 182 A. 2d 49, 50, *cert. denied,* 371 U.

S. 898, 83 S. Ct. 200 (1962); *Willis v. State*, 205 Md. 118, 127, 106 A. 2d 85, 89 (1954). Thus, in a prosecution for false pretenses, the State is required to offer evidence showing that the accused falsely represented a past or existing fact. We do not believe the State has met that requirement.

The record shows that on 4 April 1971 the appellant told Mr. Joseph Jennings, owner of a business establishment known as Joe's Carry-Out, that he was a member of an organization known as Crime Preventors Association of Baltimore City, the address of which was 1736 Harford Avenue, and the telephone numbers of which were either 462-3482 or 232-8528; that the purpose of the organization was to help reduce crime by assisting law enforcement agencies and victims of crime by having members report the commission of any crime which they witnessed, assist officers in making arrests and perform various other functions; that the organization worked with policemen and with the State's Attorney; that the organization sometimes placed security guards in stores or on patrols in order to protect businesses from attempts at crime; that the organization had radio cars which would respond to emergency calls for help from members who were victims of crimes; that certain specified businessmen were members of the organization; that Mr. Jennings could join the organization upon the payment or donation of $50 thereto; that when he joined, the organization would supply services to Mr. Jennings in the form of a security guard; that upon payment of $99, the appellant would provide Mr. Jennings, within three or four days, with a walkie-talkie which would enable him to contact the organization's cruisers in the event of an emergency; and that upon notification of an emergency, there would be an immediate response from the organization's cruisers and that the organization's personnel would make a citizen's arrest and process the case through the courts.

After hearing these representations, Mr. Jennings gave the appellant $50 in cash as a donation or membership fee and a check for $99 for the delivery of a walkie-talkie. Appellant gave Mr. Jennings a membership card. The next

night the appellant and a security guard arrived at Joe's Carry-Out. The appellant stayed only briefly. The guard, who was making rounds to other places, remained about two hours. No security guard ever again appeared, and the promised walkie-talkie was never delivered. Indeed Mr. Jennings never saw the appellant again until the trial.

It is manifest that appellant's statements to Mr. Jennings all centered around representations as to the existence and function of the Crime Preventors Association of Baltimore City and promises that the organization would perform certain services for Mr. Jennings after he became a member by making a payment or donation of $50 and paying $99 to the organization for the delivery of the walkie-talkie. Thus, in order to establish a false representation of an existing or past fact in this case, it was incumbent upon the State to prove that the organization did not exist and did not perform the functions described by appellant.

While the record unequivocally establishes that the money was paid by Mr. Jennings and that the promised services were not performed, it is totally bereft of any evidence showing that the representations as to the existence and functions of the organization were false. The defendant did not admit that his representations were false. *See Smith v. State, supra,* in which the defendant admitted the allegedly false representations. To the contrary, he testified that he was the president of the Crime Preventors Association of Baltimore City, an unincorporated non-profit organization; that the organization had 1400 members; that the organization had offices not only at the address listed on the membership card given to Mr. Jennings, but also at "sub-stations" located in the homes of various individuals; that the organization had telephones as shown on the membership card as well as at its substations; that the organization owned three radio-equipped cars; that the organization in fact did work with the police and State's Attorney, as evidenced by a large meeting which it had held on 21 February 1971 at which prominent officials associated with various law-enforcement agencies had appeared; and, in short, that all of his representations as to the existence

and functions of the organization were true. He testified
that the organization had on various occasions subsequent to
4 April 1971 provided patrols to Mr. Jennings's
establishment and in fact had dispersed diverse assembled
groups. He stated that his failure to deliver the walkie-talkie
to Mr. Jennings was explained by his inability to locate him
on various occasions when he stopped at Joe's Carry-Out and
by an injury suffered in July, which prevented further
attempts to locate him. He offered to return the $99 paid for
the walkie-talkie.

The trial judge totally discredited the appellant's
testimony. This he was entitled to do. *Rettman v. State*, 15
Md. App. 666, 673-74, 292 A. 2d 107, 111 (1972); *Jones v.
State*, 13 Md. App. 309, 316, 283 A. 2d 184, 188 (1971). But the
appellant was not required to establish the existence of the
organization; rather, it was incumbent upon the State to
produce evidence which either showed directly or supported
a rational inference of the nonexistence of the organization.
*Davis v. State, supra,* 229 Md. at 141, 182 A. 2d at 50;
*Polisher v. State, supra,* 11 Md. App. at 563-64, 276 A. 2d at
105-06; *Williams and McClelland v. State,* 5 Md. App. 450,
459, 247 A. 2d 731, 739 (1968), cert. denied 252 Md. 734.

There was no evidence presented by the State to show that
the organization did not have offices at the address shown
on the membership card given to Mr. Jennings; that the
telephone numbers shown on that membership card were
not listed in the name of the organization; that the
businessmen referred to as members by appellant in his
discussion with Mr. Jennings were not in fact members; that
the organization did not own any radio-equipped cars; that
the organization had not worked with the police or the
State's Attorney in the past; or that the organization or its
members had not reported any crimes to the police, had not
made any citizen's arrests, had not appeared as witnesses in
court, and had not performed any of the other functions
described by the appellant. The only evidence presented to
show the nonexistence of the organization was the testimony
of Mr. Jennings, who stated that after the security guard
failed to appear and the walkie-talkie failed to be delivered,

he made repeated unsuccessful attempts to reach appellant by phone. He testified that on one occasion he succeeded in contacting appellant's daughter, but she informed him only that appellant "didn't live there." Mr. Jennings conceded that he made no effort to locate the appellant other than by telephone. Such evidence, in and of itself, is insufficient to disprove the existence and functioning of the organization described by appellant.

We find that the evidence adduced was not sufficient in law to establish that the appellant made a false representation of an existing fact, and therefore that the crime of obtaining money by false pretenses was committed. We hold that the court below erred in denying the motion for judgment of acquittal. The judgment must be vacated and the case remanded for further proceedings as to a new trial pursuant to *Gray v. State*, 254 Md. 385, 255 A. 2d 5 (1969), *cert. denied*, 397 U. S. 944, 90 S. Ct. 961 (1970).

II

The issue of whether this prosecution is barred by the statute of limitations should be resolved for the guidance of the lower court. Maryland Rule 1085. Code (1957), Art. 57, § 11 provides a statute of limitations of one year for all misdemeanors except those punishable by confinement in the penitentiary. Code (1957), Art. 26 §§ 109 (a)(20) and 110 (a), as amended in 1965,[1] and Art. 27, § 140, as amended in 1968,[2] vested jurisdiction in the then Municipal Court of Baltimore City to try persons charged with the offense of false pretenses, when the value of the thing received is less than $500. However, that court was prohibited from imposing imprisonment in the penitentiary as a punishment.[3]

Code (1957), Art. 26, § 109 (c) (3), as amended in 1963,[4] vested concurrent jurisdiction over such offenses in the

1. Ch. 706, § 1, 1965 Laws of Maryland.
2. Ch. 306, § 1, 1968 Laws of Maryland.
3. Maryland Constitution, Art. IV, § 41A-I, effective July 1971, divested the Municipal Court of Baltimore City of all jurisdiction and provided that any matter then pending before that court be disposed of in the newly created District Court of Baltimore City.
4. Ch. 833, § 1, 1963 Laws of Maryland.

Criminal Court of Baltimore whenever a prosecution is commenced there by indictment returned by the grand jury. *Spillers v. State,* 10 Md. App. 643, 647, 272 A. 2d 49, 51, *cert. denied,* 261 Md. 728 (1971). The Code contains no prohibition against punishment by way of imprisonment in the penitentiary if the trial takes place in the Criminal Court.[5]

Appellant contends that had he been tried in the Municipal Court which had jurisdiction where the value of the thing received was less than $500, the offense charged would not have been punishable by imprisonment in the penitentiary. Therefore, this prosecution, commenced more than a year after the act, would be barred by the statute of limitations.

Here the record establishes that the representations alleged to be false were made on 3 and 4 April 1971. A presentment was issued by the grand jury on 30 May 1972 and an indictment on 5 June 1972.[6] On 25 July 1972 the appellant was tried in the Criminal Court of Baltimore for an offense which is punishable there by confinement in the penitentiary notwithstanding the fact that the amount received as a result of the alleged false representations was less than $500. Since appellant was indicted by the grand jury, the statute of limitations contained in Code (1957), Art. 57, § 11 does not constitute a bar to his prosecution in the Criminal Court. *Medley v. Warden,* 210 Md. 649, 653, 123 A. 2d 595, 597, *cert. denied,* 352 U. S. 858, 77 S. Ct. 77 (1956). Thus we do not reach the question whether the action would be barred by limitations had it originated in the then Municipal Court.

> *Judgment vacated; case remanded for further proceedings in accordance with this opinion.*

---

**5.** Ch. 181, §§ 25, 27, 1972 Laws of Maryland, effective July 1, 1972, repealed Code (1957), Art. 26, §§ 109, 110; and repealed and reenacted with amendments Code (1957), Art. 27, § 140. The effect of these changes was to vest in the District Court of Baltimore City the concurrent jurisdiction once held by the Municipal Court over the offense of false pretenses when the value of the thing received is less than $500. Code (1957), Art. 26, § 145 (b) (2) (iv).

**6.** Thus the case could not have been tried in the Municipal Court of Baltimore City, which had already been divested of its jurisdiction. *See* footnote 3, *supra.*